BUIST v. MELCHERS.

1. ACTION AGAINST DIRECTORS—NEGLIGENCE—EQUITY.—Where an action is brought by the receiver of a corporation to recover from its several boards of directors during successive terms of office, unliquidated damages for negligent omissions of duty of which they were alleged to have been severally guilty during these successive terms, the proportionate liability of each one could be ascertained and fixed only by a Court of Equity, and, therefore, the cause was properly docketed on Calendar 2.

2. ALLEGATIONS NOT SPECIFIC—REMEDY.—Where a complaint fails to specify the time of the omissions of duty charged against the board of directors of a corporation, and which of the defendants were members of the board at such times, the remedy is not demurrer, but motion to require the allegations of the complaint to be more definite and certain.

3. LIABILITY OF DIRECTORS—DEMURRER.—Nor will a demurrer be sustained on the ground that the liability of the defendants, if any, is secondary, as such a defence raises only an equity to be asserted by answer.

4. CONTRIBUTORY NEGLIGENCE—ESTOPPEL—DEMURRER.—Whether contributory negligence or estoppel are to be inferred from facts stated in the complaint, cannot be determined on demurrer. The distinction pointed out between facts admitted and facts alleged, from which an admission is sought to be inferred.

Before ALDRICH, J., Charleston, March, 1893.

Action by G. L. Buist, as receiver, against Alexander Melchers and others, commenced January 24, 1893. The complaint was as follows:

1. That heretofore, to wit: on or about the 9th day of September, A. D. 1892, in a certain cause depending in this honorable court, to wit: in the Court of Common Pleas for the County of Charleston, in said State, entitled E. M. Moreland vs. Assistance Building and Loan Association, the plaintiff herein, G. L. Buist, was duly appointed receiver for said association, and by said court authorized and empowered to take charge of all and singular the assets of said corporation, and to bring, and continue, if already brought, all actions of any kind and description, and to prosecute the same in such manner as he may be advised by his counsel; and shall, whenever in the judgment of his counsel, or either of them, it be deemed expedient and proper, bring such action or actions against either the president and directors, or any one or more of them, for any alleged charges of negligence or otherwise, for and on behalf of said association, if he be requested so to do. Said G. L. Buist duly entered upon the discharge of his duties as such receiver, having qualified as required by said order, and ever since has been, and is now, the duly appointed receiver of said association, and has brought this action in conformity with the provisions of said order, and as requested so to do.

2. That under and by virtue of an act of the legislature of the State of South Carolina, entitled "An act to incorporate the Assistance Building and Loan Association of Charleston,"

approved on 21st day of December, A. D. 1882, the Assistance Building and Loan Association was created a body politic and corporate, for the purpose of making loans of money, secured by mortgage on real estate or personal property, or by conveyance of the same to their members and stockholders, the capital stock of said association to consist of two thousand five hundred shares, but as soon as one thousand shares were subscribed, said association to organize and commence operations; said shares to be paid by successive monthly instalments of one dollar on each share.

3. By said charter it was further enacted that said corporation shall have power and authority to make any such rules and by-laws for its government, as are not repugnant to the Constitution and laws of the land; shall have members and succession of members and officers as shall be ordained and chosen according to their said rules and by-laws made or to be made by them; shall have and keep a common seal, and may alter the same at will; may sue and be sued, plead and be impleaded, in any court of law or equity in this State, and shall have and enjoy all and every right and privilege incident and belonging to corporate bodies according to the laws of the land.

4. By said charter it was further enacted that the funds of said corporation shall be loaned to the members and stockholders upon the security of real and personal estate, and used in the purchase of real and personal estate for the benefit of its members and stockholders, on such terms and under such conditions and subject to such regulations as may, from time to time, be prescribed by the rules and by-laws of said corporation.

5. By said charter it was further enacted that whenever the funds of said corporation shall have accumulated to such an amount that, upon a fair and just valuation thereof, each stockholder and member shall have received, or be entitled to receive, the sum of $200, or property to that value for each and every share of stock by him or her so held, and when such distribution and division of the funds shall have been so made, then this corporation shall cease and determine. All of which provisions of said charter will more fully appear by reference thereto in the 18th vol. Stat. So. Ca., page 5.

6. Pursuant to the provisions of the said charter, the Assistance Building and Loan Association was duly organized and commenced operations on or about the 7th day of August, 1883, and made rules and by-laws for its government; a copy of said rules and by-laws are hereto annexed and made a part hereof, and marked "Exhibit A."

7. That during the times hereinafter mentioned, the defendants, Alexander Melchers (president), Daniel Ravenel, Patrick Darcy, Jacob Kruse, J. Orrin Lea, Lee Loeb, A. F. C. Cramer, W. H. Welch, Robert Martin, F. W. Cappelmann, J. Alwyn Ball, and B. Feldmann, were duly elected and qualified directors of said Assistance Building and Loan Association; that is to say, the said Daniel Ravenel, from the organization of said association to November, A. D. 1890; the said J. Orrin Lee, from the organization of said association to the        day of September, 1890; the said Lee Loeb, from the        day of September, 1890, to the present time; the said J. Alwyn Ball, from the organization of said association to the        day of September, 1885; the said Robert Martin, from the        day of July, 1891, to the present time; the said F. W. Cappelmann, from the        day of January, 1891, to the present time; the said B. Feldmann, from the        day of September, 1889, to the present time; the said Alexander Melchers, from the organization of said association to the present time; the said Patrick Darcy, from the organization of said association to the present time; the said Jacob Kruse, from the organization of said association to the present time; the said A. F. C. Cramer, from the organization of said association to the present time; the said W. H. Welch, from the organization of said association to the present time. Said defendants directors, during their said respective terms of office, were charged with all the duties and subject to all the responsibilities attached to said office of directors in said association, under the charter and by-laws of said association and laws of the land.

8. That said defendants and each and every of them so carelessly, negligently, wrongfully, and unlawfully, from time to time, performed and omitted to perform the various duties

4—44

pertaining to their said offices, as directors in said association, as to cause a loss to said association of the sum of $58,000.

9. That among the other acts of negligence of defendants which caused the said loss, plaintiff alleges that said defendants, and each and every of them, while in office as directors, failed and neglected to meet statedly on the 7th of each and every month, for the purpose of disposing of the funds and attending to the financial affairs of the corporation, as required by the by-laws of said association. Said defendants directors, while in office as aforesaid, also failed and neglected to hold on the fourth days after the monthly meetings, the special and other meetings, for the consideration of the securities offered for the loans of the funds of said association, as required by the by-laws of said association. Said defendants directors also failed and neglected, from time to time while in office as aforesaid, to inspect the books and accounts of the said association, and to audit the same, as required by law and by the by-laws of said association. Said defendants directors, while in office as aforesaid, failed and neglected to have the annual statements properly audited by three members of the corporation, as required by the by-laws of said association. Said defendants directors, while in office as aforesaid, failed and neglected to have orders on the treasurer of said association sanctioned by a majority of the board of directors, as required by the by-laws of said association. Said defendants directors, while in office as aforesaid, failed and neglected to appoint a suitable and proper person as treasurer of said association, and failed and neglected to require said treasurer to give a proper and sufficient bond to said association, as required by the by-laws of said association. Said defendants directors, while in office as aforesaid, allowed the funds of said association from time to time to accumulate in the hands of the treasurer of said association, instead of lending or distributing the same among the stockholders, as required by the charter and by-laws of said association. Said defendants directors, while in office as aforesaid, made, reported, and published annual statements for the stockholders of said association, purporting to show the condition of the affairs of said association, which statements were incorrect, misleading, and misrepre-

sented the actual condition of said association.    Said defendants directors, while in office as aforesaid, accepted, without verification by vouchers, incorrect and false statements from the treasurer of said association.    Said defendants directors from time to time certified and represented that large sums of money, aggregating in the total the sum of $67,272, had been expended by them in the purchase and retirement of stock of said association, when in fact no such sum or sums was or could have been so expended; failed and neglected to verify alleged purchases of stock reported by the treasurer, by calling for the production of the certificates of stock so alleged to have been purchased, and ascertaining that the same was purchased and properly cancelled; allowed members of said association to be in arrears many months for their monthly dues, without enforcing the fines, forfeitures, sales, and penalties, required by the by-laws of the association; did not verify the cash balance reported to the credit of said association by its treasurer; allowed securities of said association to be surrendered without receiving adequate compensation therefor.    By reason of the said several acts of negligence on the part of each and every of the said directors, defendants herein, the said association has sustained a loss of $58,000, for which said defendants are jointly and severally liable.

10. In said action so brought by E. M. Moreland against the Assistance Building and Loan Association, it was alleged in the complaint and admitted in the answer of said association, filed by its attorneys, Messrs. Mordecai & Gadsden (which answer was sworn to by the defendant herein, Alexander Melchers, as president of said association), that on information and belief about $50,000, funds of said association, had been misappropriated by its treasurer, R. F. Burnham, and used for other purposes than those of the association; that it would be necessary to continue the operations of said association for about forty-five months, from the 1st day of August, 1892, to replace said loss; that said association owned no assets, except a small amount of cash and the official bond of said treasurer, in the penal sum of $5,000, which bond was alleged to be in litigation and contested, and the bonds and mortgages or other

collaterals of borrowing members of said association, which said bonds, mortgages, and collaterals were so alleged and admitted as assets, notwithstanding the allegation and admission in said complaint and answer that said association should have wound up and dissolved on the 1st day of August, 1892, and notwithstanding the fact that the said funds so alleged to be misappropriated, were lost to said association through the negligence of defendants herein, the president and directors thereof, the restoration of which sum by said defendants, president and directors, would have enabled said association to wind up its affairs prior to said 1st day of August, 1892, without the further collection of any monthly dues from the stockholders of said association, and without the foreclosure of mortgages or sales of collaterals belonging to any of said stockholders.

11. That although the alleged defalcation of the treasurer of said association was ascertained by, and the alleged insolvency of said association was known to, the board of directors of said association, on 25th day of March, 1892, yet the defendant's directors failed to notify the stockholders of the fact, until the 30th day of June, A. D. 1892, when the defendant, Alexander Melchers, as president of said Assistance Building and Loan Association, called a conference of the stockholders of said association, at Harmony Circle Hall, in the city of Charleston, at which conference plaintiff alleges on information and belief, the defendants, Alexander Melchers, A. F. C. Cramer, Lee Loeb, P. Darcy, F. W. Cappelmann, and B. Feldmann, were present; at said conference the announcement was made for the first time to the stockholders of said association, that said association was hopelessly insolvent, and had, at the instance of the defendants directors, been placed in the hands of receivers, one of whom was the defendant director, Lee Loeb, and that the directors of said association made no resistance to an order of injunction restraining the association and its stockholders from enforcing the provisions of its charter and by-laws. At said conference, questions were put to the defendants directors who were present by stockholders in relation to the affairs of the association, the answers to which questions revealed the fact that said defendants were totally ignorant of the condition of said associa-

tion; they not even being able to give the income of said association approximately for any given month or year. The defendant, Lee Loeb, then and there stated, that of the 1,250 shares which had composed the association up to August 1st, 1891, there had been bought by the association 519 shares; that since August, 1891, and up to April, 1892, some shareholders representing 109 shares, had bought themselves out of the association at 108 months, received satisfaction of their bonds and mortgages, and had their shares cancelled; that there were outstanding 293 shares unborrowed on, and 330 shares borrowed on. Subsequently, on the 9th day of July, 1892, J. H. Loeb, acting secretary of the association, and subsequently clerk for said receivers of said association, who preceded plaintiff herein, furnished the information that there were 623 shares outstanding, 330 borrowed on, 293 unborrowed on, and also furnished a statement of the names of the stockholders, and the number of shares held by each, a true memorandum of which statement is hereto annexed as a part hereof, marked exhibit "B." Said statement was made, or claimed to have been made, from an examination of the books of said association, made for plaintiff's predecessors in office and for the use and benefit of said association, and said services and examination were paid for out of the funds of said association. Said statement so furnished is at variance and irreconcilable with, and contradictory to, the annual statements published by the defendants directors, as will appear by said annual statements, copies of which are hereto annexed and made a part hereof, reference to which is prayed, and marked exhibits C, D, E, F, G, H, I, K.

12. Plaintiff alleges, that on or about the ⸱               day of December, 1887, the Guaranty or Surety Company, which had up to that date been upon the official bond of R. F. Burnham, treasurer of said association, withdrew therefrom.   That an examination of the books, accounts, and vouchers was then made by the defendants directors, who reported the same in good order and correct, and thereupon B. A. Muckenfuss qualified as surety upon the said treasurer's bond in lieu and stead of said surety company; that said official bond is only in the penal sum of five thousand dollars, a sum totally inadequate

to meet the losses sustained through the negligence of the defendants, as hereinbefore alleged. Plaintiff herein has instituted a suit upon said bond against the principal and surety thereon, the said R. F. Burnham, and the said B. A. Muckenfuss, but the said R. F. Burnham is insolvent, and all liability thereon is contested by the defendants in said suit. Even if said sum of $5,000 be recovered in said suit, it will not replace the loss caused to said association through the negligence of defendants by the sum of $53,000. Plaintff further alleges, that suits have been instituted by him upon bonds and for the foreclosure of mortgages against the borrowing members of said association, but the order appointing this plaintiff receiver expressly provides that no decree in such suits shall be carried into effect until there shall be a decision of the Supreme Court in a test case, brought to determine whether there be any further liability whatever to plaintiff on the part of the said borrowing members. And plaintiff alleges, that the liability of defendants herein is to plaintiff acting for all the members of said association, borrowers as well as non-borrowers, and is a primary liability to that of the borrowing members (if any such liability there be), and if the liability of defendants herein be speedily enforced, it will put an end to said suits against the borrowers, and avoid the necessity of all questions as to the respective liabilities of the members of said association, the one to the other.

13. Plaintiff alleges that the said association is insolvent, the only assets now in existence, and the property of said association, being the sum of $826.96, in cash in the hands of this plaintiff, and the said official bond of the treasurer, now in suit and contested as hereinbefore alleged; and that there are outstanding and unsatified about 293 shares of stock unborrowed on, upon which there is now due by said association to the holders thereof the sum of $43,950, with interest thereon from the 7th day of March, 1892, upon which date said association should have wound up and dissolved.

14. Plaintiff alleges that said several acts of negligence of said defendants herein were committed and omitted, notwithstanding that said defendants were more than once notified and matters were brought to their attention, and dissatisfaction ex-

pressed to them on the part of certain stockholders as to the condition of the affairs of said association, all of which should and ought to have produced such action upon their part as would have averted a large part of the loss so sustained through their negligence.

Wherefore, plaintiff prays judgment against said defendants in the sum of fifty-eight thousand dollars, with interest and costs.

The separate answers of the several defendants were the same, except as to their term of service. That of Alex. Melchers was as follows:

The defendant, answering the complaint herein, says:

I. That he denies each and every allegation in said complaint contained, not hereinafter specifically admitted.

II. He admits the allegations of the complaint as stated in the I., II., III., IV., V., and VI. paragraphs thereof, and denies the allegations contained in the VIII., IX., X., XI., XII., XIII., and XIV. paragraphs thereof; and answering the VII. paragraph of said complaint, this defendant admits that he was elected a director of said association at the time of the organization thereof, and that he served as such up to about the 12th day of March, 1892; but as to all the other allegations contained in said paragraph, except as herein admitted, he denies any knowledge or information sufficient to form a belief, and prays strict proof thereof.

III. And further answering the complaint, this defendant says: That it appears upon the face of the complaint that the alleged causes of action therein set forth, did not arise within six years previous to the commencement of this action.

IV. For a further defence, this defendant says: That none of the causes of action alleged in the said complaint accrued within six years before the commencement of this action.

V. And for a further defence, this defendant says: That the plaintiff ought not to be permitted to allege, as in said complaint complained, because that even if said loss was caused to said association, as therein alleged, the same was caused by the wrongful act of an agent or officer of the said corporation, for

whose acts, if causing loss or damage, each stockholder in said association must bear his proportionate share; and further, because it appears from the complaint and the exhibits filed therewith and made part thereof, that whatever the wrongful act or acts of any such person may have been, the same was the wrongful act or acts of the corporation itself, committed by it through its committee of stockholders duly appointed, and for which this defendant is not liable.

VI. For a further defence, this defendant says: That if the sum of $50,000 of the funds of the association, or any part thereof, was misappropriated by its treasurer, as alleged in the complaint, or if any other sum or sums of money were lost to the association, as in the complaint alleged, each and every of such losses accruing to the association were occasioned by the association itself, or contributed to it through its own negligence and wrongful acts, from time to time, as appears from the reports of its several committees of stockholders, duly appointed, which reports are among the exhibits of said complaint and made part thereof.

VII. And this defendant, for a further defence, says: That actions are now pending in this honorable court to recover from the borrowing members of the said Assistance Building and Loan Association, the sums of money respectively due by them, amounting in the aggregate to the sum of about $30,000, the same being secured by bonds and mortgages of real estate and other collaterals, the sales of which are being sought to be enforced in this honorable court, so that the respective proceeds of such sales shall be applied towards the payment of the respective sums due upon said bond, which, when so collected, will constitute assets of the said corporation applicable to the settlement and liquidation of its corporate affairs.

VIII. That there is also pending in this court another action against the said Robert F. Burnham and Benjamin A. Muckenfuss to recover $5,000 for the breach of the official bond of the said Robert F. Burnham, another asset of said corporation.

IX. That there is still another action pending in this honorable court against the Paragon Building and Loan Association, a body corporate, for an accounting, and to recover a sum of

money, exceeding the sum of $10,000, another asset of the Assistance Building and Loan Association, reference to which said three pending actions brought by the receiver, as above stated, is craved.

And, therefore, this defendant says that this action has been prematurely brought, and could only be properly brought after the conclusion of all of said three actions, as until then it cannot be known whether there will or will not be any deficiency, or how much, if any, wherewith to charge this defendant and his codefendants herein, even if such deficiency could be properly chargeable against them, or any of them, which this defendant denies. Wherefore, this defendant asks that the complaint herein be dismissed with costs.

The order of transfer was as follows:

This case was placed for trial by the plaintiff's attorneys on Calendar 1, at the present term of this court, and on the call of that calendar the defendants' attorneys moved to transfer the same to Calendar 2 as the proper calendar, claiming that the pleadings showed that the case was an equity case, and should, therefore, be placed upon Calendar 2. After carefully reading and examining the complaint, and after hearing argument of counsel, the court having come to the conclusion that the case is an equity case, and should be disposed of as such: Now, on motion of Messrs. Mordecai & Gadsden, Asher D. Cohen, J. N. Nathans, John C. Millar, J. Ancrum Simons, Simons, Siegling & Cappelmann, W. Henry Thomas, and Huger Sinkler, after hearing Messrs. Fitzsimons & Moffett and Henry E. Young for the plaintiffs, it is ordered, that this case be, and is hereby, transferred from Calendar 1 to Calendar 2.

Plaintiff's exceptions to this order were as follows:

The Circuit Judge erred in transferring this action from Calendar 1 to Calendar 2, by his order made herein on 14th day of March, 1893: 1. Because it is error to deny the right of trial by jury in an action for damages. 2. Because it is error not to place a case involving issues of law and fact upon Calendar 1. 3. Because the Circuit Judge erred in holding that "the case is an equity case, and should be disposed of

as such.'' 4. Because the issues of fact in an action for the recovery of money only must be tried by a jury.

The order sustaining the oral demurrer was as follows:

This cause having been by order of court transferred from Calendar 1 to Calendar 2, upon motion of defendants' attorneys, and said cause having come on for hearing on the 23d day of March, 1893, before his honor, Judge Aldrich, and an oral demurrer to the complaint herein having been interposed by the defendants, upon the ground that the complaint does not state facts sufficient to constitute a cause of action; after full argument, it is, on motion of H. E. Young and Fitzsimons & Moffett, plaintiff's attorneys, ordered that said demurrer be, and the same is hereby, overruled; and the defendants having given notice of intention to appeal, it is ordered, that this action be stayed till the determination of said appeal.

Defendants' exceptions were as follows:

1. That whilst it is true that the complaint alleges that the defendant directors named in the seventh paragraph of the complaint, for and during their said respective terms of office, were charged with all the duties and subject to all the responsibilities attached to said office of directors in said association under the charter and by-laws of said association and laws of the land; and whilst it further states in the eighth paragraph of the complaint that the said defendants, and each and every of them, so carelessly, negligently, wrongfully, and unlawfully from time to time performed and omitted to perform the various duties pertaining to their said office as directors in said association as to cause a loss to said association of the sum of $58,000; and whilst in the ninth paragraph of the complaint it sets out many different alleged acts of such negligence, by reason of which acts of negligence on the part of each and every one of said directors, the association sustained a loss of $58,000, for which said defendants are jointly and severally liable; yet the complaint fails to state the time or times at which any of such alleged acts of negligence by omission or commission occurred, and further failed to state any directors or set of directors who were serving as such when any act or acts of negligence occur-

red.    In other words, whilst acts of negligence are alleged and
damages flowing therefrom are charged, and all parties who
ever were directors from first to last are named, the failure to
state the time or times of the alleged acts of negligence, and
who were the directors when such acts of negligence occurred,
makes it impossible for any proper judgment to be rendered
against the directors who would be liable for such acts of neg-
ligence, if any, but in fact charges that every director named
from the beginning to the last is jointly and severally liable,
and demands judgment against all, although one or more of them
may not at the time have been a director of the association.

2.  That the action is based upon the primary liability of the
directors; whereas it is respectfully submitted that their liabil-
ity, if any, is secondary, sounding in damages which can only
be recovered after all the assets of the association have been
exhausted and actual loss thus adjudicated, whilst the complaint
herein shows upon its face the pendency of suits for the recov-
ery of outstanding assets sufficient to pay any loss alleged to
have been suffered from the negligence of the defendants.

3.  That the exhibits filed with the complaint, and made part
and parcel thereof, show upon their face that every act of
omission or of commission, alleged as negligence of the direct-
ors, had been in pursuance of the constitution and by-laws of
the association from time to time regularly passed upon, con-
firmed, and ratified by the association itself.

4.  That all the annual statements of the secretary and trea-
surer, complained of as false, had been regularly approved,
ratified, and confirmed by the association itself, as provided by
its constitution and by-laws; that these are part of the com-
plaint, and that the corporation, and consequently its repre-
sentative, the receiver, is estopped from disputing the same;
that this action is professedly brought in behalf of the non-
borrowing as well as the borrowing stockholders, the object
being to relieve borrowing stockholders from any further per-
formance of their contract, seeking to substitute the liability
of the directors in discharge of the same.    Whereas it is re-
spectfully submitted that inasmuch as at the annual meetings
aforesaid all acts and doings of the secretary and treasurer,

by reason of which it is sought to charge the defendants, were from time to time audited and confirmed by the association itself, the borrowing members, if any right they had to be relieved from their contract, and to throw any loss upon the directors, they, the borrowing members, are estopped from complaining of the correctness of such statements, and must perform their contract, the performance of which, as shown by the complaint itself, would result in the establishment of no loss to the association and no liability on the part of its directors, even if they had been guilty of such acts of negligence, and if damage had resulted therefrom.

5. That under section 4 of article V. of the constitution of said association, the directors were required to order a full statement of its affairs to be annually prepared at least seven days before the annual general meetings of the association, at which meeting such statement shall be submitted after having been first audited and signed by three members of the corporation selected by the board; and by article X. of said constitution, such statement is directed to be made by the secretary and treasurer, and that such annual statements, filed as exhibits to the complaint in this action, and made a part and parcel thereof, show upon their face that every act of omission or commission, alleged as negligence of the directors, had, in pursuance of said constitution, been passed upon and confirmed by the society itself, and that the accounts of the secretary and treasurer were, from time to time, as shown by the exhibits to the complaint, duly audited and confirmed and signed by three members of the association, and approved and ratified by the association itself; and in consequence thereof, the board of directors are neither jointly nor severally responsible therefor. The eighteenth annual statement shows $91,750.14, over twice enough to pay the indebtedness alleged in the thirteenth paragraph of the complaint of $43,950.

*Messrs. H. E. Young* and *Fitzsimons & Moffett*, for plaintiff.

*Messrs. Mordecai & Gadsden* and *Simons, Siegling & Cappelmann*, contra.

April 15, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. This is an action brought by George Lamb Buist, as receiver of the Assistance Building and Loan Association, against the above named defendants, to recover judgment for the sum of $58,000, damages alleged to have been sustained by said association, on account of negligence on the part of said defendants in the discharge of their duties as president and directors of said association. The case was placed for trial on Calendar 1, but, on motion of defendant's attorneys, was ordered by the presiding judge to be transferred to Calender 2, on the ground that the case was one in equity, and not at law. When the case was called for trial on Calendar 2, the defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. The defendants have appealed to this court on exceptions assigning error on the part of the Circuit Judge in overruling the demurrer; and the plaintiff has appealed because his honor, the presiding judge, ruled that this is an equity case, and ordered it transferred from Calendar 1 to Calendar 2. For a proper understanding of the questions in this case, it will be necessary to incorporate in the report of it, the complaint, the answer, the order transferring the case from Calendar 1 to Calendar 2, the order overruling the demurrer, the exceptions of the plaintiff, and the exceptions of the defendants.

We will first consider the plaintiff's exceptions, which complain of error on the part of the Circuit Judge in deciding that this is a case in equity, and not an action at law. At the time of the organization of the association, Alexander Melchers was elected president, and was, from year to year, re-elected to that office, and was president at the time of the appointment of the receiver mentioned in the complaint. Daniel Ravenel was a director of the company from its organization until September, 1890. J. Orrin Lea, from its organization until September 1890. Lee Loeb, from September, 1890, until the appointment of the receiver. J. Alwyn Ball, from its organization until September, 1885. Robert Martin, from July, 1891, until the appointment of the receiver. F.

W. Cappelmann, from January, 1891, to the appointment of the receiver. B. Feldmann, from September, 1889, to the appointment of the receiver. Jacob Kruse, A. F. C. Cramer, Patrick Darcy, and W. H. Welch, from its organization until the appointment of a receiver.

Therefore, taking the period of service by years, it stands thus: *1883,* Alexander Melchers, president. *Board of directors*—Daniel Ravenel, Jacob Kruse, Patrick Darcy, A. F. C. Cramer, W. H. Welch, and J. Alwyn Ball. *1884,* the same. *1885,* the same, until September. *1886,* Alexander Melchers, president. *Board of directors*—Daniel Ravenel, Patrick Darcy, Jacob Kruse, A. F. C. Cramer, W. H. Welch. *1887,* the same. *1888,* the same. *1889,* the same. *1890,* up to September, the same, except that B. Feldman became a member of the board in September, 1889. *1891,* Alexander Melchers, president. *Board of directors*—Patrick Darcy, Jacob Kruse, A. F. C. Cramer, W. H. Welch, Robert Martin, F. W. Cappelmann. *1892,* Alexander Melchers, president. *Board of directors*—Lee Loeb, Robert Martin, F. W. Cappelmann, B. Feldman, Patrick Darcy, Jacob Kruse, A. F. C. Cramer, and W. H. Welch.

The ninth paragraph of the complaint sets forth the particular acts of negligence alleged to have been committed by the defendants, and are as follows: That the defendants failed to meet monthly, as required by the by-laws of the association, in order to dispose of funds; failed to hold the stated meeting to pass on loans; to inspect the books and accounts of the association; to have annual statements properly audited; to see that drafts on the treasury were properly signed; to require a proper bond from the treasurer; allowed the funds to accumulate in the hands of the treasurer instead of lending them out; put forth yearly incorrect and untrue statements, and misrepresented the condition of the association; did not verify by vouchers the faulty and incorrect statement of the treasurer; certified and misrepresented that $67,272 had been spent in buying and retiring shares of the association, when this was false; failed to verify the alleged purchases of stock, and calling for the production of the scrip so alleged to have been bought, and having them cancelled; and did not enforce the penalties

for non-payment of instalments when due. It appears upon the face of the complaint: that the alleged liability on the part of the defendants is not one and the same, by reason of the fact, that some of the alleged acts of negligence were committed by some of the defendants at a time when others of the defendants were not members of the board of directors of the association; that the alleged liability of the defendants is not for a definite and fixed amount; that as the liability of the defendants is founded upon their alleged negligent discharge of official duties, and some of the defendants did not hold office as directors from the organization of the association until the appointment of a receiver, they are not equally guilty nor equally liable for damages by reason of each and every of said alleged act of negligence.

The defendants are, therefore, only liable for their proportionate parts of the damages alleged to have been sustained by their negligent acts committed at different times, and in order to ascertain the proportionate amount for which each was liable, it was necessary to resort to a court of equity. The proportions in which the defendants are liable can only be determined by an accounting of their acts and doings as officers of the association, and to make such an accounting is peculiarly the province of a court of equity. Having reached the conclusion that the defendants are only liable for their proportionate parts of the loss sustained by reason of their alleged acts of negligence, and that the proportions in which they are liable can only be determined by an accounting as to their official acts, it would seem to be unnecessary to cite authorities to show that a court of equity is the proper forum for such accounting and adjustment of proportions in which they are liable. The distinction in cases where the liability of the directors is for a *fixed* and *definite* amount, and where they are only liable for a *proportionate* part, which can be determined only by an *accounting*, is pointed out in a number of cases, amongst which we may mention: *Hornor* v. *Henning*, 93 U. S., 228; *Pollard* v. *Bailey*, 20 Wall., 520; *Terry* v. *Tubman*, 92 U. S., 156; *Stone* v. *Chisolm*, 113 *Id.*, 302—all cited with approval in *Hall & Co.* v. *Klinck*, 25 S. C., 348. In support of our view, that this is a case in

equity, the following authorities are also cited: 3 Pom. Eq. Jur., §§ 1088, 1089, 1090, 1091, 1094; 1 Cook on Stock & Stockholders, &c., § 701; *Brinckerhoff* v. *Bostwick*, 105 N. Y., 567; *Latimer* v. *Railroad Company*, 39 S. C., 51. The plaintiff's exceptions are overruled.

We come now to a consideration of the defendant's exceptions. The first exception of the defendants complains that whilst acts of negligence are alleged and damages flowing therefrom are charged, and all parties who were ever directors from first to last are named, the failure to state the time or times of the alleged acts of negligence, and who were the directors when such acts of negligence occurred, makes it impossible for any proper judgment to be rendered against the directors, who would be liable for such acts of negligence, if any; but in fact charges that every director named from the beginning to the last is jointly and severally liable, and demands judgment against all, although one or more of them at the time may not have been a director of the association.

Section 181 of the Code provides that "when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence is not apparent, the court may require the pleading to be made more definite and certain by amendment." The remedy in such cases is not by demurrer, but by motion to make more definite. *Mobley* v. *Cureton*, 6 S. C., 49; *Childers* v. *Verner*, 12 *Id.*, 6; *Hellams* v. *Switzer*, 24 *Id.*, 39; *Dowie* v. *Joyner*, 25 *Id.*, 153; *Holland* v. *Kemp*, 27 *Id.*, 623; *Chapman* v. *City*, 28 *Id.*, 373; *McCown* v. *McSween*, 29 *Id.*, 130; *Westlake* v. *Farrow*, 34 *Id.*, 270; *Cartin* v. *South Bound R. R. Co.*, 43 *Id.*, 221. The first exception is overruled.

The second exception raises the objection to the complaint that the action is based on the primary liability of the defendants, whereas their liability, if any, is secondary. This objection may be interposed as a ground of defence in the answer, but does not subject the complaint to demurrer. It is simply an *equity*, which the defendant may assert if he sees proper. *Moss* v. *Bratton*, 5 Rich. Eq., 1. The second exception is overruled.

The third, fourth, and fifth exceptions will be considered to-

gether. Whether we regard these exceptions as raising objection to the complaint because it shows upon the face that the association was guilty of contributory negligence, or as stating facts constituting an *estoppel*, in neither case can it be sustained. Whether certain facts constitute contributory negligence, depends upon the inference drawn from such facts, which is not within the province of this court when the case comes up on an appeal from an order overruling a demurrer; nor can this court, under such circumstances, determine whether the facts alleged in the complaint make out an *estoppel*. For this court, under these circumstances, to determine whether the facts stated in the complaint constitute contributory negligence or an *estoppel*, would be to pass upon the facts of the case in the first instance, thus usurping the powers of the court below. The distinction must be kept in mind between the cases where there is the admission of a fact and the cases where facts are alleged, from which the admission is sought to be inferred. These exceptions are overruled.

It is the judgment of this court, that the orders appealed from be affirmed.