### SIGWALD v. CITY BANK.

ACCOUNTING—PLEADINGS—BANKS.—In action by a stockholder against the president and directors of a bank for negligence in conducting the affairs of the bank, it is not necessary to allege what loss was occasioned by a special act of negligence of a particular officer, or who was on the managing board at the time of a special loss, or to allege all the losses complained of, as the object of the accounting is to ascertain what act each officer is chargeable with and the proportion in which each is liable.

Before PRINCE, J., Anderson, September, 1905. Reversed.

Action by Lucy M. Sigwald against the City Bank, its president, receiver and board of directors. From order requiring plaintiff to amend her complaint, she appeals.

*Messrs. Caldwell & Giles,* for appellant, cite: 44 S. C., 97; Morse on Bank, 97; Cook on Corp., sec. 648; Pom. Eq. Jur., sec. 1095; 7 Rich. Eq., 230; 1 Abb. Pr., 39; 44 N. Y. App. D., 323; 21 P. & P., 241.

*Messrs. Sheppards, Grier & Park,* and *Ellis G. Graydon,* contra, cite: Code, 181; 12 S. C., 1; Pomeroy, sec. 519; 93 U. S., 233; 92 U. S., 161; 20 Wall., 520; 113 U. S., 302; 85 Fed. R., 825; 25 S. C., 355; 39 S. C., 51; 44 S. C., 46, 64; 44 S. C., 460; 67 S. C., 83; Ency. P. & P., 249, 250.

July 4, 1906. The opinion of the Court was delivered by

Mr. Justice Gary. This is an appeal from an order requiring the plaintiff to make her complaint definite and certain. That portion of the order which is necessary to understand the questions involved is as follows: "I am clearly of the opinion that the complaint 'is so indefinite and uncertain' that the precise nature of the charge is not apparent, and that the Court should require the pleadings to be made more definite and certain by amendment. No one should be brought into Court without being fully advised concerning the charges made against him, and this, whether it be in a Court of law or in a Court of equity. If it is claimed that on account of negligence certain losses have been sustained, then certainly the party charged has a right to require a statement of the facts upon which such charge of negligence is predicated. A general allegation of negligence will not do, because a defendant is not advised what he may be required to meet in the proof and cannot possibly frame an intelligent answer. This is not an open question in this State, and both on reason and authority the Courts always require a complaint, which deals in mere generalities, to specify the particular acts of negligence intended to be relied on.

"This complaint charges that every director named as defendant from the beginning to the last are jointly and severaly liable and demands judgment against them all. Now it appears from the complaint that all of them were not directors from the beginning and that different persons, at different times, have composed the board of directors, some of whom are before the Court and some of whom are not. It cannot be contended that a director is liable for losses

which occurred before he had any connection whatever with the corporation or before he was a member of the managing board. The liability of these defendants is not one and the same. It appears upon the face of the complaint that some of the alleged acts of negligence, in the very nature of the case, must have been committed by some of the defendants at a time when others were not members of the board of directors. The alleged liability is not for a definite and fixed sum. The basis of their alleged liability is negligent discharge of official duty and some did not hold office from the organization, and certainly are not and cannot be equally liable or equally guilty with others who were directors from the beginning. It seems to me on all fours with *Buist* v. *Melchers,* 44 S. C., 46, 21 S. E., 449. It is, therefore, ordered and adjudged:

"That the plaintiff herein be and hereby is required to make her complaint more definite and certain in the following particulars, to wit:

"1st. By alleging specifically each act of negligence or omission on account of which it is sought to charge the defendants or either of them.

"2d. By alleging specifically what particular loss or losses, and the amount thereof, were occasioned by each act of negligence or omission, or if such loss or losses were occasioned by several acts of negligence or omission, combined and concurring with each other as proximate causes, so state and allege.

"3d. By alleging specifically who were the officers and directors of the said bank at the time of each particular act or acts of negligence or omission by reason of which the particular loss or losses were occasioned.

"4th. By alleging specifically who is and was responsible for each particular loss or losses and the amount thereof."

The exceptions assign error in the four particulars in which his Honor, the Circuit Judge, ordered the complaint to be amended.

In the case of *Buist* v. *Melchers,* 44 S. C., 46, 21 S. E., 449, there was not a motion to make the complaint definite and certain, but there was a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in that its allegations were indefinite. This Court ruled that such defects did not render the complaint subject to a demurrer but that the remedy in such cases was by motion to make it definite. The Court, however, did not determine that the complaint in that case was subject to amendment upon a motion to make definite and certain in the particulars urged upon the demurrer, as that question was not before the Court. We do not, therefore, regard that case as conclusive of the question under consideration.

In Encyc. of Pl. and Pr., 97 and 98, it is said: "It is necessary in order to obtain the equitable remedy of accounting that a plain case be made in the bill or complaint. But the Courts are liberal in their construction of pleadings for an accounting, and the bill or complaint will be upheld if the allegations substantially make out a case."

"A bill for an account must show by specific allegations that there was a fiduciary relation between the parties or that the account is so complicated that it cannot conveniently be taken in an action at law. But no allegation beyond those which establish the fiduciary relation or the complicated state of the account is necessary."

In a note on page 97 we find the following: "The mere fact that items are not specified does not preclude the allowance of them in the settlement of the account."

In 1 Cyc., 436-7, the rule is thus clearly and succinctly stated: "The bill must state the facts upon which complainant is entitled to call upon defendants to render an account, and which make defendants liable to do so. But it is sufficient to show the relation of the parties which entitles complainant to the relief and a general statement of the matters pertaining to which the account is sought will be sufficient. The items of the account need not be stated, and where the

issues involve a general accounting the evidence need not be confined to the claims set up by either party." See *Deve-reaux* v. *McCrady,* 46 S. C., 133, 24 S. E., 77.

When, as in this case, there are numerous quasi-trustees, and the accounts are complex, it is difficult to ascertain until the accounting the particular acts for which each of the defendants is accountable or the proportions in which they are liable. The object of the accounting is to determine these facts, and the law does not require that they should be alleged in the complaint with particularity, as this would frequently be impossible, and would tend to dispense with the necessity for a resort to the equitable powers of the Court.

It is the judgment of this Court, that the order of the Circuit Court be reversed.