## STALLINGS v. BARRETT.

1. It is within the discretion of the Circuit Judge to permit an amendment of the complaint, after demurrer thereto, *without costs;* and the exercise of this discretion will not, as a rule, be disturbed.

2. A complaint by an adult ward and three minor wards for an accounting by the defendant, who had been appointed guardian of the undivided estate of the four plaintiffs and had given his single bond as such, is not a misjoinder of causes of action.

3. A ward, after attaining his majority, may maintain an action for account in the courts of this State against his guardian resident here, but appointed in another State. And (per McGOWAN, A. J.) so may infant wards.

4. It does not seem to be necessary to allege in a complaint that the plaintiff is of age, notwithstanding the allegation that he was under age nine years before.

5. A demurrer does not lie for excess of parties.

Before HUDSON, J., Spartanburg, July, 1886.

To the statement of the case as made in the opinion of this court, it may be added that the ground upon which the Circuit

Judge sustained the first ground of demurrer, as appears from argument of counsel, was that the complaint did not allege the court or officer by whom the guardian *ad litem* of the infant plaintiffs was appointed, nor the time when.

*Mr. J. S. R. Thomson,* for appellant.

*Messrs. A. B. Calvert* and *Carlisle & Hydrick,* contra.

April 20, 1887. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The defendant, Charles P. Barrett, on March 5, 1875, was duly appointed by the ordinary of Morgan County, Georgia, guardian of Lucius M., Bartow J., Thomas J., and Fannie M. Stallings, and entered into bond in the sum of $5,000 for the faithful performance of his duties as such guardian. As guardian he received $500 in money, and some lumber, which he converted into money, but he never made any returns as required by law, or any expenditures for his said wards, or in any way accounted for the estate of the wards in his hands. Soon after his appointment (in 1876) the said guardian left the State of Georgia, and for four years his residence or whereabouts was unknown to his wards, the plaintiffs. But about the year 1880, they were informed that he was living in Spartanburg County, of this State, and they there instituted these proceedings against him for an account—Lucius M. Stallings for himself, and his brothers and sister by guardian *ad litem*—praying, among other things, for account, general relief, and that the defendant might be relieved from his trust as guardian.

The defendant demurred, and assigned for causes that it appeared upon the face of the complaint: I. That the plaintiffs have no legal capacity to sue. II. That several causes of action have been improperly united, in that the alleged sums due to each of the alleged wards are joined in one and the same action; and further, in combining in said action an action for discovery, and an action for accounting, an action on a penal bond, and an action to remove defendant from his office of guardian. III. That the court has no jurisdiction of the subject of the action. IV. That the complaint does not state facts sufficient to constitute a cause of action.

The Circuit Judge sustained the first ground, that it did not appear upon the face of the complaint that the plaintiffs have legal capacity to sue, giving them, however, leave to amend the complaint in that respect; but he overruled the other three grounds of demurrer. And the defendant appeals to this court upon exceptions substantially charging error as to each of the grounds of demurrer.

We do not see clearly the ground upon which it was held that the complaint did not show in the plaintiffs legal capacity to sue. The complaint did not expressly state the fact that one of the plaintiffs had attained his majority, but that was pretty clearly indicated by the fact that three of them sued by guardian, and one, Lucius M., for himself. But as the plaintiffs did not appeal, it is unnecessary to say anything upon that subject. The defendant, however, did appeal from so much of the order sustaining the demurrer on the point of want of capacity to sue, as gave the plaintiffs leave to amend• without costs. The court may amend any pleading by inserting other allegations not changing substantially the claim or defence, "on such terms as may be just;" and the exercise of this discretion given to the Circuit Judge, will not, as a rule, be disturbed. *Code*, section 194; *Trumbo* v. *Finley*, 18 *S. C.*, 305; *Chichester & Co.* v. *Hastie*, 9 *Id.*, 330.

As to the alleged misjoinder of several causes of action. We do not understand that there was in the complaint a cause of action on the guardianship bond, or for "discovery" as such, or to have the defendant removed from his office of guardian. The matter of removal was indeed closely connected with the subject of the account—not "distinct from or independent of" the main purpose. But if so, it was no part of the complaint proper or a separate cause of action, but only one of the forms of the relief prayed. It is true, there were several plaintiffs united in the action, but their interests were not several, their little patrimony was still undivided; hence there had been only one appointment of guardian and one bond given. The proceeding was in equity, which delights to do full justice, and to that end to have all the parties in interest before the court. The complaint was against one person for a single wrong, for an account pure and simple for the money received, and, as we think, really stated but one cause of action.

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this title." *Code*, § 138; *Pom. Rem.*, §§ 248, 257. Such was the equity practice in this State as to "multifariousness" before the adoption of the code. More than one ward joined in filing the bill in *Moore* v. *Hood*, 9 *Rich. Eq.*, 318; and in *Allen* v. *Gaillard*, 1 *S. C.*, 279.

As to the jurisdiction of the court. It surely cannot be that a ward, as long as he is a minor, has no redress against his guardian who receives the estate and then, notwithstanding his bond, neglects every duty, makes no proper expenditures for his ward or returns as the law directs, and finally, after removing to another State, denies all responsibility to account. If this were the law, how could a corrupt and wasteful guardian ever be removed during the minority of the ward? He may have given bond, with or without sureties, but surely that cannot exonerate him from all accountability until the ward attains his majority.

Nor do we think that the jurisdiction of the court in this State is excluded by the fact that the appointment was made and the money received in the State of Georgia. Without enlarging upon the subject, we are content to adopt what was said by Chancellor Wardlaw in the similar case of *Moore* v. *Hood*, 9 *Rich. Eq.*, 322: "The objection to the jurisdiction of the court lacks even plausibility. The suit is for account by wards against their guardian, * * * and account is one of the most general heads of jurisdiction in this court (Chancery), and most commonly exercised, as in the present instance, in suits by beneficiaries against trustees. It is immaterial that the trustee here was invested with his powers and duties by a foreign tribunal, for surely his fiduciary relation is not terminated by removal of himself and the trust funds beyond the limits of the State in which he was appointed. It would disgrace the courts of any civilized country to afford immunity to a trustee who fled to their jurisdiction that he might embezzle the funds committed to his trust. This suit is not on the bond of defendant as the gift, such as an action of debt, which can be prosecuted only in the Court of Common Pleas—it is a bill for account, in which the bond is used merely as collateral evidence of the defendant's liability," &c.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE MCIVER.  It does not seem to me that the complaint is amenable to the objection that several causes of action are improperly united.  Certainly the plaintiff, Lucius M. Stallings, who sues in his own right, has the right to demand from the defendant an accounting as his guardian, although the appointment was made in Georgia.  *Moore* v. *Hood,* 9 *Rich. Eq.*  The point urged in the argument that as the complaint bears on the face of it the evidence that Lucius was a minor at one time, he must, in the absence of any allegation to the contrary, be presumed still to be a minor, cannot be sustained.  Every plaintiff must necessarily for 21 years of his life have been a minor, and yet it was never supposed to be necessary to allege that a plaintiff has attained the age of twenty-one years,  because it is known that at a previous period of his life he was a minor, and must, therefore, in the absence of any allegation to the contrary, be presumed still to be a minor.  It does not appear to me, therefore, that because the plaintiff, Lucius, was a minor in 1875, he must be presumed to continue in that condition when this action was commenced in November, 1884, nine years afterwards.  But, in any event, we presume that if there ever was any force in this objection, it was removed by the amendment authorized by Judge Hudson when he sustained the first ground of demurrer.

The fact that his brothers and sister are united with Lucius as plaintiffs, in demanding this account, does not show a misjoinder of causes of action.   There can be no doubt that several distributees, even though they may be entitled to unequal portions of the estate, may unite in demanding an account, in which they are all interested, from the administrator, and that such is the proper practice, rather than that each distributee should, in a separate action, demand from the administrator an account and payment to him of his share of the balance found due by the administrator upon such accounting.  See *Tucker* v. *Tucker,* 13 *S. C.,* 318.

It may be that the infant plaintiffs have no right to demand such accounting from the guardian until after he has been removed, and another appointed in his place, and it may be that

the court in this State would have no jurisdiction to remove a guardian appointed in another State; but these are questions which cannot arise under the demurrer, and upon which I do not propose to express any opinion. If the complaint states a cause of action in favor of any one of the plaintiffs against the defendant, of which the court here has jurisdiction, as I think it unquestionably does, then the demurrer cannot be sustained. It will be observed that defect of parties is not one of the grounds of demurrer; and if it was, such ground could not be sustained. For even assuming that the minor plaintiffs could not maintain the action, but that Lucius could, that would present a case of *excess*, not of *defect*, of parties, which is no ground of demurrer.

So, too, if it be assumed that the court here has no jurisdiction *to remove* a guardian appointed in Georgia, yet if the court has jurisdiction for any purpose, as I think it unquestionably has, so far as the claim of Lucius for an accounting is concerned, under the case of *Moore* v. *Hood, supra,* then the demurrer could not be sustained. If, on the other hand, it be assumed that the minor plaintiffs, as well as Lucius, have a right to demand an accounting from the guardian in the court here, I see no more reason why they may not all join in an action for such account than that several distributees may not join in an action against an administrator for account. It appears that the guardian was appointed at the same time for all the plaintiffs, gave but one bond, and received the estate of the wards in an undivided form, and as the allegation in the complaint is that nothing has been paid to either one of the wards, which, under the demurrer, must be taken as true, they all have the same interest in the accounting demanded, and I do not see why they may not all join in one action. I concur, therefore, in the result.

MR. CHIEF JUSTICE SIMPSON also concurred in the result on the same grounds.

Judgment affirmed.