6674

### PARK v. SOUTHERN RAILWAY.

1. CARRIER—BAGGAGE—RECEIPT.—A CHECK for baggage is a mere receipt. A passenger leaving New York has his baggage checked to Baltimore on a ticket to Washington, and from Baltimore to Washington; upon failure of baggage to reach Washington in time, he surrenders his check to another carrier, which gives him its check and promises to forward the baggage carrying the surrendered check on its ticket from that point; the second carrier delivers the baggage received by it under the surrendered check, but passenger refuses to accept it because not his. *Held,* second carrier not liable for baggage.

   *Smalley* v. *Ry.*, 76 S. C., 173, *distinguished from this case.*

2. IBID.—IBID.—IBID.—Issuance of a check for baggage is *prima facie* evidence of delivery of baggage, and this presumption of delivery can only be rebutted by direct evidence of carrier that it never received the baggage.

3. PARTIES—CONTRACT.—All parties interested in a contract must be made parties in a suit on the contract. Two persons having personal baggage in one trunk are properly joined as parties plaintiff in suit against carrier for its loss.

Before WATTS, J., Greenville, November Term, 1906. Reversed.

Action by A. K. Park and Leila G. Park against Southern Railway Co. From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *Contract of defendant was to forward baggage received, and having done that, it is performed:* 12 A. M. St. R., 661; 74 A. M. Dec., 151. *Articles in trunk belonging separately to two, they should not have joined as plaintiffs:* 24 S. C., 39. *Checks are mere receipts:* 3 Hutch. on Car., secs. 1301, 1302; 4 Elliott, sec. 1655; 12 A. M. St., 661; 21 S. C., 35; 36 S. C., 117.

*Messrs. Haynesworth, Patterson* and *Blythe,* contra, cite: *When a carrier takes up the check of a connecting carrier and issues its own, it is liable for the baggage unless it then limited its liability:* 7 Rich., 162; 3 Hutch. on Car., 1296-7; 10 Rich., 382; 19 S. C., 353; 21 S. C., 35; 106 N. Y., 206; 76 S. C., 173; 133 U. S., 387; *Arthur* v. *Tex. & Pac. Ry. Co.,* U. S. Supreme Court, 25 February, 1907.

October 3, 1907. The opinion of the Court was delivered by ·

MR. CHIEF JUSTICE POPE. This action was begun by the plaintiffs, A. K. Park and Leila G. Park, in February, 1904, to recover one hundred and eighty-five dollars, the value of a trunk alleged to have been lost by the defendant railway. It appears that early in September, 1903, the plaintiffs being in New York, and wishing to return home, about one hour and a half prior to their departure, turned their trunk over to the McDonald Express Company for delivery at the 23d Street station of the Pennsylvania Railroad. The plaintiff A. K. Park testified that he saw the trunk at the station, identified it, and saw the agent of the railroad company strap a check thereon. The plaintiffs took passage to Baltimore, where they stopped over for about twenty-four hours, but not needing the trunk, and therefore, without finding out whether it had arrived or not, they exchanged checks with the agent at Baltimore and continued their journey to Washington, where they made a second stop. They arrived at Washington, according to the testimony, about dusk, and the

next morning about 9 o'clock, Mr. Park called for his trunk, but after careful search by both himself and the agent, it could not be found.    Nor was it found prior to the time the plaintiffs left Washington for Greenville, their home.    The agent of the defendant company, however, according to the custom of the road, a custom alleged to be merely for the convenience of travelers, took up the check held from the Pennsylvania Railroad and issued a Southern check to the plaintiffs, agreeing to forward the trunk when it arrived. Some days afterwards a trunk arrived in Washington bearing a check corresponding to that taken up by the Southern's agent from Mr. Park.    It, according to the testimony of the defendant, was immediately sent to Mr. Park, but he refused to accept it, alleging it not to be his.    The lost trunk not having been found this suit was begun.

The defendant, alleging that the trunk had never come into its possession, denied any liability on its part.    The case came on for trial at the November, 1906, term of Court for Greenville County, before Judge Watts and a jury.    At the conclusion of plaintiffs' testimony a motion was made by the defendant for a nonsuit on the grounds: 1st, that there was absolutely no proof going to show that the trunk had ever been delivered to the defendant; and, 2d, that the complaint alleged the trunk to be the joint property of the plainiffs, while the evidence showed that part of the articles belonged to one of the plaintiffs and part to the other.    The motion was refused, and the jury rendered a verdict in favor of the plaintiffs for one hundred and eighty-five dollars. On motion for a new trial the verdict was cut down to one hundred and seventy-six dollars and fifty cents, the value placed upon the goods lost by the plaintiffs.    The defendant appeals.

The question made is one of grave importance and much difficulty.    The Circuit Judge in overruling the first ground for the nonsuit held that by taking up the check issued by the Pennsylvania Railway and issuing its check instead, the Southern Railway became the agent of the

Pennsylvania Railway, and was responsible for any neglect on the part of that road; that they took up the check at their peril and left the plaintiffs in a worse fix than they found them. Such a doctrine, to say the least of it, is a hard one. When we bear in mind that there was no joint contract between these roads to carry plaintiffs and their baggage from Greenville to New York and return; when we remember that there were two distinct tickets bought, namely, from Greenville to Washington and return, from Washington to New York and return, we think it hardly going too far to say that such a doctrine would be unjust.

There is no law in existence by which a railroad company can be held responsible for baggage which is shown never to have been delivered to it. Even in cases of through shipments of freight under joint contract, a connecting carrier is allowed to relieve itself from liability by showing that the goods in question never reached its line, unless under contract it make itself absolutely liable. How much more, then, should the defendant, in this case, where there were two distinct shipments, be allowed to show that the goods for which it issued its check as an accommodation, never arrived, or that it exercised due care in delivering the baggage that did arrive bearing a check corresponding to that surrendered by the plaintiffs. Having shown either alternative, we think both reason and authority will sustain us in holding the defendant relieved of liability.

The evidence of delivery relied on in this case is the check issued by the defendant company. Now, it will doubtless be conceded, that a check is a mere receipt for goods delivered. It can be no contract, for there are no words written thereon making a contract. The contract of carriage is either parol or is contained in the ticket held by the passenger. It has been held that even the ordinary ticket does not constitute a contract of carriage, but is merely *prima facie* evidence of the possessor's right to transportation. *Pier* v. *Finch*, 24 Barber (N. Y.), 514. The general rule seems well settled that a receipt is merely *prima facie* evidence of

20—78

the thing receipted for. *Hogg* v. *Brown,* 2 Brev., 223; *Gibson* v. *Peeples,* 2 McC., 418; *Daniels* v. *Moses,* 12 S. C., 130; *Brice* v. *Hamilton,* 12 S. C., 32; *Bowen* v. *Humphreys,* 24 S. C., 456.

Now, unless there is some matter of public policy making it advisable or necessary to make an exception in the case of receipts of common carriers, the rule will apply in the case now under consideration. That there cannot be such necessity for the exception seems settled by the number of authorities holding that such receipts are merely *prima facie* evidence, a few of which are 4 Elliott, sec. 1655; 3 Hutch. on Carriers (2d ed.), sections 1301 and 1302; *Davis* v. *Railway* (Ill.), 74 Am. Dec., 151; *Ahlbeck* v. *Ry.* (Minn.), 12 Am. St. Rep., 661; *Zeigler Bros.* v. *Ry.* (Miss.), 39 So., 811; 7 Current Law, 603.

Plaintiffs relying on *Dill* v. *Railway,* 7 Rich., 162, and *Salley* v. *Seaboard,* 76 S. C., 173, seek to show that the law is settled to the contrary in this State. The case of *Dill* v. *Railway* holds only that a check is evidence of delivery. That there is a distinction between the ordinary check and bill of lading seems evident. True, the responsibility of carriers of baggage is that of common carriers. The check issued by them, however, is merely a receipt for the baggage received, while a bill of lading, in addition to being a receipt, contains the contract under which the goods are to be carried. This conception distinguishes this and the case of *Salley* v. *Ry., supra.* In that case there was a joint contract of carriage, the railroad company issuing the bill of lading expressly making itself liable for the property, while here a receipt merely was issued and according to the evidence, a parol contract was made by which the defendant was to forward such goods as arrived over the Pennsylvania Railway, bearing a check corresponding to the one surrendered by the plaintiffs. As was said above, there was no duty resting upon the defendant to issue its check to the plaintiffs. It could lawfully have refused such check until the baggage was actually delivered to it. In order, however, to save the

expense and delay incident to passengers waiting on baggage, merely as an advantage to passengers, it is a custom of the defendant to exchange checks and forward the baggage when it arrives. Certainly, in making such a contract, the plaintiffs, being aware that their baggage is not in the custody of the defendant, it could hardly be presumed that it was in the contemplation of the parties that the defendant meant to make·itself absolutely liable. Rather the presumption in the mind of the passenger would be that the defendant could not be held liable unless it was made to appear that the goods were actually received by it. Hence, if the evidence in this case is susceptible only of the inference that the defendant never received the goods in question, then it cannot be held responsible for them. To hold otherwise would be to make a contract between the parties which it was clearly their intention not to make, and would impose a liability upon the defendant which it was not its purpose to undertake.

Should the nonsuit, then, have been granted on this ground? We think not. The check issued by the defendant, and introduced in evidence by the plaintiff, was certainly some testimony going to show delivery of the baggage in question to the defendant. There is nothing in this view conflicting with the order of Judge Purdy on demurrer requiring an allegation of delivery to be made in the complaint. An allegation that the plaintiffs held the check of the defendant was only an allegation of evidence going to show the fact of delivery. One of the fundamental rules of pleading is that the material facts must be stated in the complaint, while matters of evidence going to sustain such facts are properly brought out at the trial. Where, then, evidence is set forth and a material allegation is omitted, then, of course, there is a defect in the pleading.

Again, we ask, is the *prima facie* showing made by the check rebutted by the testimony of the plaintiffs? As to immediate delivery it can hardly be doubted, but one would hardly suppose that a railroad company would issue its check

unless there was a combination of circumstances making a delivery at one time or another practically certain. The check is issued in contemplation of these circumstances. The presumption of delivery arising therefrom is so strong that it can only be rebutted by direct proof on the part of the defendant that the baggage was never received by it. The check in such cases continues to be a *prima facie* showing, which showing the railroad company must overcome. Hence, the nonsuit on this ground was properly refused.

The second ground of the nonsuit must also be overruled. Were the action one of tort the appellant's contention would be correct. *Hellams* v. *Switzer,* 24 S. C., 39. The action here, however, is *ex contractu,* and according to section 138 of the Code of Procedure, all parties interested in the contract must be joined as parties. This was likewise the general rule prior to the adoption of the Code. In *Ellis* v. *McLemoor,* 1 Bailey, 13, it is said the general rule is that all must join in the action who have an interest in the contract. The same rule is laid down in the Ency. of P. & P., vol. 15, page 528, and many authorities are there collated sustaining the proposition.

What has been said, we think, entirely disposes of all the exceptions raised. In our view of the law it was error on the part of the Circuit Judge to hold the defendant responsible for the baggage, even though it was shown that it never came into its hands. Therefore, the judgment below must be reversed.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded for a new trial.