LIDE *ET AL.* v. BURN

(140 S. E., 192)

Acᴛɪᴏɴ—Cᴏᴍᴘʟᴀɪɴᴛ ᴛᴏ Rᴇᴄᴏᴠᴇʀ ғᴏʀ Nᴇᴄᴇssᴀʀɪᴇs Fᴜʀɴɪsʜᴇᴅ Iɴᴄᴏᴍ- ᴘᴇᴛᴇɴᴛ, Aʟʟᴇɢɪɴɢ Jᴏɪɴᴛ Eɴᴛᴇʀᴘʀɪsᴇ ʙʏ Pʟᴀɪɴᴛɪғғs, Hᴇʟᴅ Gᴏᴏᴅ ᴀs Aɢᴀɪɴsᴛ Dᴇᴍᴜʀʀᴇʀ ғᴏʀ Mɪsᴊᴏɪɴᴅᴇʀ ᴏғ Aᴄᴛɪᴏɴs (Cᴏᴅᴇ Cɪᴠ. Pʀᴏᴄ. 1922, § 360).—Complaint to recover for necessaries furnished and services rendered by four plaintiffs to defendant, a person of unsound mind, *held* good as against demurrer that several causes of action were improperly joined, in view of Code Civ. Proc. 1922, § 360, since complaint alleged a joint enterprise of four plaintiffs.

Before DENNIS J., Chesterfield, July, 1926.  Affirmed.

Action by J. J. Lide and others against Katie (or Catherine) Burn.  From an order overruling defendant's demurrer to the complaint, she appeals.

*Mr. John D. Nock,* for appellant, cites: *Promise cannot be both joint and several:* 13 C. J., 576.  *Where consideration furnished by obligees is several their interest may prima facie be regarded as several and not joint, if other features of the contract do not clearly conflict with this construction:* 1 Williston on Cont., Sec. 325.  *In absence of express agreement, a married woman cannot recover for board furnished at her home:* 3 Page on Cont., Sec. 1442.  *Joint action on part of creditors:* 17 S. C., 163; 3 Strob. Eq., 336; 24 S. C., 40; Bliss on Code Pl., 77, 79, 963; 20 R. C. L., 674.

*Messrs. Pegues & Murray,* and *L. C. Wannamaker,* for respondents, cite: *Joinder of causes of action:* Sec. 430, Code Civ. Proc.; 20 R. C. L., 673, Sec. 13.  *Persons having separate and distinct interest or separately affected by a wrong must sue separately:* 20 R. C. L., 675, Sec. 14; 24 S. C., 39; 121 S. C., 72.  *At common law:* 30 Cyc., 107–108.  *Rule of joinder follows the nature of the interests:* 3 Cyc., 110, 111; 30 Cyc., 105, 106; 31 Cyc., 103; 15 Enc. P. & P., 539; 14 S. & R. (Pa.), 105; Sec. 360, Code Civ. Proc.; 78 S. C., 392.  Sec. 360, *Code construed:* 94 S. C., 312.

October 31, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This action is one to recover the value of necessaries furnished and services rendered by the plaintiffs to the defendant, a person of unsound mind.  The amount of the claim is $7,472.  The defendant, by her duly appointed guardian *ad litem,* demurred to the complaint on the ground

that several causes of action were improperly joined, and
that the plaintiffs should be required to bring separate ac-
tions.    The demurrer to the complaint was overruled by
his Honor Judge Dennis.    From order overruling the de-
murrer, defendant appeals.

The exception is:

"His Honor Judge E. C. Dennis erred, it is respectfully
submitted, in holding that the cause of action of the plain-
tiffs was a joint one, and that they could therefore sue
jointly, whereas his Honor should have held that their
causes of action, if any, were several and each should have
brought a separate suit."

The exception must be overruled as it is a suit on implied
contract and not a tort; the complaint alleges a joint en-
terprise on the part of the plaintiffs.

What is now Section 360, Vol. 1, Code of 1922, was
construed in *Stallings v. Barrett,* 26 S. C., 474; 2 S. E., 483,
where four wards in one action brought suit against their
guardian for an accounting, to remove such guardian, etc.
In that case the second ground of demurrer was:

"That several causes of action have been improperly
united, in that the alleged sums due to each of the alleged
wards are joined in one and the same action."

The Court held, to quote the syllabus:

"Under Code of S. C., § 138 [140], providing that 'all
persons having an interest in the subject of the action, and
in obtaining the relief demanded, may be joined as plaintiffs,
except as otherwise provided,' a bill against a guardian by
four wards, all children of the same parents, praying for
an account, the removal of the guardian, and general relief,
is not demurrable on the ground of multifariousness."

The case of *Park v. Southern Ry.,* 78 S. C., 302; 58 S. E.,
931, was brought by plaintiff and his wife to recover the
value of a trunk, which the plaintiff had checked with the
railway company.    At the conclusion of plaintiff's testimony,

defendant moved for a nonsuit on several grounds, one of which was that:

"Second, that the complaint alleged the trunk to be the joint property of the plaintiffs, while the evidence showed that part of the articles belonged to one of the plaintiffs and part to the other."

Mr. Chief Justice Pope, delivering the opinion of the Court, at page 308, 58 S. E., 933, among other things, said:

"The second ground of the nonsuit must also be overruled. Were the action one of tort, the appellant's contention would be correct. *Hellams v. Switzer,* 24 S. C., 39. The action here, however, is *ex contractu,* and according to Section 138 of the Code of Procedure, all parties interested in the contract must be joined as parties. This was likewise the general rule prior to the adoption of the Code. In *Ellis v. Mc-Lemoor,* 1 Bailey, 13, it is said the general rule is that all must join in the action who have an interest in the contract. The same rule is laid down in Encyc. of P. & P., Vol. 15, p. 528, and many authorities are there collated sustaining the proposition."

The principles announced in the foregoing cases are conclusive of the case at bar.

The case of *Black v. Simpson,* 94 S. C., 312; 77 S. E., 1023; 46 L. R. A. (N. S.), 137, holds, to quote the syllabus:

"No inflexible rule on the subject of joinder of parties can be laid down. The provisions of the Code of Procedure on the subject must be allowed considerable flexibility to meet the requirements of justice and convenience as the cases arise."

Judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.