6655

### GREENWOOD GRANITE AND CONSTRUCTION CO. v. WARE SHOALS MANUFACTURING CO.

REFERENCE.—The Circuit Court may refer a case, without consent, involving a long and intricate accounting, partnership and trust relations, and foreclosure of chattel mortgage.

Before ALDRICH, J.   Greenwood, November, 1906.   Affirmed.

Action by Greenwood Granite and Construction Co. against Ware Shoals Manufacturing Co.   From order of reference plaintiff appeals.

*Messrs. Sheppard, Greir* and *Park* for appellant. *Messrs. Grier* and *Park* cite: Code of Proc., 274, 293, 292; 17 S. C., 543; 43 S. C., 301; 54 S. C., 157; 73 S. C., 540; 25 L. R. A., 67.

*Messrs. Dial* and *Todd, c*ontra.

September 16, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This is an appeal from the order of Hon. James Aldrich, holding the cause should be tried on the equity side of the Court, and accordingly transferring it from calendar one to calendar two, and referring it to the master to take and report testimony.

Section 274 Code of Procedure, provides: "An issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived, as provided in section 288, or a reference be ordered." By section 293, the Court is authorized to order a reference without consent, "1. Where the trial of an issue of fact shall require the examination of a long account on either side; in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein;" or, "2. Where the taking of an account shall be necessary for the information of the Court, before judgment, or for carrying a judgment or order into effect."

The Circuit decree thus states the nature of the issue: "In the issue of the first cause of action, there are allegations of a partnership relation and a complication of parties. In the issue of several other causes of action, there is shown to be the necessity of examining a long account of the cost of certain work and for estimating a certain percentage thereon, as well as the examining of long complicated accounts in reference to payments. In one of the causes of action, the issues involved the relation between the parties of agency, trust and accounting. In the issues made by the counterclaims, set up in the answer and the reply of the plaintiff thereto, are involved the partnership relation and the equitable issues of the foreclosure of a chattel mortgage, and it also seems necessary to examine long and complicated accounts on both sides. A careful examination of this case convinces me that the issues are peculiarly involved and the

necessity exists for the taking and examining long and complicated accounts. I am satified that a trial of the issues by the jury would be almost impracticable, and in addition to the equitable issues presented, and by reason of the necessity of the examination of long and complicated accounts, the remedy at law is greatly embarrassed and inadequate, and therefore, in order to properly ascertain the truth and do exact and substantial justice between the parties, the trial should be had on the equity side of this Court."

Inspection of the pleadings shows beyond all doubt the correctness of the conclusion of the Circuit Court. The power of the Circuit Court to transfer such a cause to calendar two and make an order of reference is fully sustained by authority. *Devereux* v. *McCrady,* 46 S. C., 146, 24 S. E., 77; *Green* v. *McCarter,* 64 S. C., 290, 42 S. E., 147; *Price* v. *Middleton,* 75 S. C., 102.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.