8519

BLACK v. SIMPSON.

JOINDER OF PARTIES—TRUSTS—CORPORATIONS—ACCOUNTING.—No inflexible rule on the subject of joinder of parties can be laid down. The provisions of the Code of Procedure on the subject must be allowed considerable flexibility to meet the requirements of justice and convenience as the cases arise.

A general manager of a corporation occupies to the stockholders a relation of trust, and if by false representations as to the condition of the corporation he acquires their stock at much less than its value and then sells the corporation, the stockholders may join as parties plaintiff in an action against him for an accounting for the value of the stock, and it is not necessary that they tender the amount paid them for the stock before bringing the action.

MR. JUSTICE FRASER, MR. JUSTICE HYDRICK *concurring, dissents as to joinder.*

Before GAGE, J., Spartanburg, April, 1913. Affirmed.

Action by H. R. Black *et al.,* against Arthur O. Simpson. Defendant appeals.

*Messrs. Bomar & Osborne,* for appellant, cite: *Remedies of persons defrauded:* 1 Strob. 396; 56 S. C. 514; 79 S. C. 208; 20 Cyc. 87; 14 Ency. 162. *Joinder:* 24 S. C. 40; 1 Rich. L. 269; 1 S. E. 247; 20 Fed. 425; 104 U. S. 245; 15 Barb. 375; 1 Par. Eq. Cas. 501; 36 N. J. Eq. 313; 10 Ohio 235; 70 Am. Dec. 309; 19 Wis. 93; 18 Wis. 566; 65 Barb. 501; 112 N. W. 668; 12 Ind. 353; 73 N. E. 625; 9 N. W. 263; 15 N. W. 559; 30 N. W. 905, 175; 12 Ga. 189; 46 Ia. 323; 50 Ia. 322; 70 Ky. 513; 34 N. J. Eq. 341; 25 Ind. 523; 37 Am. St. R. 86; 27 S. E. 259. *Tender of money paid for stock:* 56 S. C. 513; 61 S. C. 455; 17 S. C. 239. *Duty of officer to inform stockholders:* 2 Thomp. on Corp., sec. 2721; 64 Am. D. 661; 44 Ind. 509; 67 Tenn. 108; 52 Barb. 581; 23 Fed. 625; 106 Am. St. R. 175; 43 La. Ann. 45; 10 Cyc. 796; 21 Ency. 898; 23 At. 427; 73 Pac. 696.

*Messrs. Johnson, Nash & Daniel* and *Sanders & DePass,* contra, cite: *Joinder of plaintiff:* 26 S. C. 478; 43 S. C. 66; 49 S. C. 192; Bliss on Code Plead., secs. 73, 80; 30 Cyc. 44, 135. *Plaintiffs are not required to tender money paid for stock:* 52 S. C. 244; 86 S. C. 576; 45 A. E. 232. *Complaint states a cause of action:* 105 Am. St. R. 178; 2 Pom. Eq. Jur., sec. 1090; 62 N. H. 537; 168 N. Y. 157; 10 Cyc. 787, 791, 965; 87 S. C. 301. *As to unnamed parties:* 54 S. C. 440; 30 S. C. 483.

April 14, 1913. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The appeal is from an order of the Circuit Judge overruling defendant's demurrer to the complaint.

For the purposes of this discussion the material facts set out in the complaint may be stated in few words. The defendant, Arthur O. Simpson, was a director and general manager of the Farmers Fertilizer Company, in which the plaintiffs were shareholders. The defendant, while occupying this trust relation to the plaintiffs, conceived and entered upon a scheme of acquiring the entire corporate assets at much less than their actual value by representing to each of the plaintiffs that the corporation was not prosperous, but financially embarrassed, and thus having assigned to him the shares of each of the plaintiffs at much less than their real value. The defendant successfully carried out his scheme by means of the false representation to the plaintiffs as to the condition of the corporation and the value of its property; and thus, in breach of his trust, induced the plaintiffs and other shareholders to sell him their stock. After thus acquiring all, or nearly all, the shares of stock, he sold "the stock, franchises, real estate, buildings and machinery" at much more than he had paid the shareholders, to his great profit and to the great loss of the plaintiffs. The grounds of demurrer to the complaint are as follows:

First. "Upon the ground that the same does not state facts sufficient to constitute a cause of action, in that it fails to state facts which, if true, constitute a joint cause of action in behalf of the plaintiffs against the defendant, and if it states any cause of action at all, states a separate and distinct cause of action in favor of each of the plaintiffs against the defendant, it being submitted that such separate and distinct causes of action do not constitute a joint cause of action and cannot be joined in one cause of action.

Second. "Upon the further ground that the complaint fails to allege any facts showing that the plaintiffs, or any of them, have ever rescinded, or offered to rescind, the several contracts whereby the defendant purchased from several parties all stock in the Farmers Fertilizer Company and fails to allege any tender by the plaintiffs, or any of them, to the defendant of the amounts paid to the several plaintiffs by the defendant for the shares of stock purchased from each of them, it being submitted that such allegations are necessary and prerequisite to the maintenance of this action."

Considering the second and less important ground first, it is perfectly clear that tender by each plaintiff of the amount received for his stock was not a necessary condition of bringing an action of this character. The action is not for rescission. Indeed, the complaint alleges that the property has passed from the ownership and control of the defendant. But even if the property were still in the hands of the defendant, it is elementary that the plaintiffs could either tender back the price paid and demand a rescission, or they could elect to let their transfer to the defendant stand, and bring their action to require him to account for the true value of the property acquired at less than its true value by false representation in breach of his trust. Examination of their complaint shows that this last is the course the plaintiffs have elected to pursue, and that the action is one to require the defendant, as their trustee, to account

to them for the profit obtained by the acquisition and resale
of property through a breach of his trust.   *Whittle* v. *Jones,*
79 S. C. 205; 60 S. E. 522; 20 Cyc. 87, and cases cited.

The second question, whether the plaintiffs can sue jointly
to require an accounting from the defendant, is one of
greater difficulty.   The argument in support of the demur-
rer on this point has been strongly presented, but it is plaus-
ible rather than sound.   If the transactions alleged in the
complaint amounted to nothing more than sales whereby a
stranger had obtained from each of the plaintiffs separately
a transfer of his stock by false representations, it would
be true that each stockholder should maintain a separate
suit in his own behalf for the difference between the real
value of the stock and the price paid.   But, this case is
much more than separate transactions of that sort between
strangers.   The defendant, as director and manager, was
trustee not only of the corporation, but for all the stock-
holders.   10 Cyc. 787; 2 Pomeroy's Eq., sec. 1090.   His
duty was to manage the corporate property for the benefit
of the stockholders; and in the performance of that duty
he was chargeable with the utmost good faith.   It was a
breach of his trust to *all* of the stockholders to use any
means to acquire for himself the corporate property, except
in the open after giving to the stockholders, fully and can-
didly, all material information he possessed as to its condi-
tion and value.   Yet, according to the complaint, he entered
upon a scheme to control the corporation and acquire the
corporate property for his own advantage by positive con-
cealment as to the real condition of the corporation and the
value of its property.   Each separate purchase of the shares
of a stockholder was but one step in the general scheme to
defraud the stockholders, as a class, consummated by the
acquisition of all, or nearly all, of the stock and the subse-
quent sale of the corporate property at a great profit.

Looking at the complaint in this its full scope, it seems to
me clear, both on reason and authority, that the plaintiffs

as *cestuis que trust* may maintain a joint action against the common trustee for an accounting for the profits made by him in breach of his trust at their expense, each being charged in the accounting with the amount received by him from the trustee in the course of the execution of the fraudulent scheme. The subject of the action is the consummated scheme to defraud the stockholders, the *cestuis que trust* of the defendant; and all the plaintiffs are interested in the relief of an accounting. Hence the joinder is allowed by sec. 166 of the Code of Procedure, which provides that "all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs."

Turning to the authorities, the test in determining when there may be a joinder of plaintiffs seems to be whether there is a wrong common to all, or, stated differently, whether all are interested in the matter, or thing, concerning which the action is brought. *Hellams* v. *Switzer*, 24 S. C. 40; Bliss on Code Pleading, sec. 76. That the consummation of the defendant's scheme to acquire the property, in breach of his trust, was a wrong common to all the stockholders, and a matter, or thing, in which they were all interested seems evident. In this, the case is distinguished from the Hellams case, just cited; for that was an action by persons who owned separate tracks of land for damages, and an injunction against the defendant who had dammed up a stream. There was no common interest, no trust relation common to all the plaintiffs, no wrong common to all; and, therefore, the Court held the joint action could not be maintained. It is well settled that several distributees entitled to unequal portions of an estate, after receiving unequal payments, may unite in an action against an admisistrator to require him to account for breaches of his trust, and pay over to each his share, though the shares be unequal. *Stallings* v. *Barrett*, 26 S. C. 478, 2 S. E. 483; *McCorkle* v. *Williams*, 43 S. C. 66, 20 S. E. 744; *Wagner* v. *Sanders*, 49

S. C. 192, 27 S. E. 68. The present case falls under the same principle.

The examination of the authorities leads to the conclusion that no inflexible rule on the subject of joinder of parties can be laid down, and that the provisions of the Code of Procedure on the subject must be allowed considerable flexibility to meet the requirements of justice and convenience in the cases as they arise. Pomeroy's Remedies, secs. 257 and 266; 16 Cyc. 198. This was so even under the strict rules of the old practice. "It is a favorite object of this Court to prevent multiplicity of suits and variety of litigation. Furthermore, 'if the nature of the transaction (says an approved author, Adams' Equity 310) makes a single suit convenient, the objection of multifariousness in such cases will not be sustained.' In *Oliver* v. *Platt,* 3 Howard U. S. 333, 411, the Court says: 'Where the interest of different parties are so complicated in different transactions that entire justice could not be done without uniting the whole, the bill is not multifarious.' And, again, 'there is no general rule by which to determine whether a bill, in such cases, is multifarious or not; but it must be left to the discretion of the Court, under the circumstances of the case.' See, also, *Williams* v. *Neel,* 10 Rich. Eq. 338; *Barkley* v. *Barkley,* 14 Rich. Eq. 12."

In a case like this where, according to the complaint, an officer of a corporation conceives and consummates a scheme to defraud the stockholders by deceiving them as to the value of the corporate property, and purchases the stock of each as a step in his scheme of fraudulent acquisition, it seems to us not only illogical, but most inconvenient and unjust to require each stockholder to allege and prove the fraudulent scheme and the breach of trust in a separate action. In many corporations there are hundreds, and in some thousands, of stockholders, many of them having small holdings and residing at a distance from the corporate enterprise. To establish a rule which would deny to stockholders in

such cases the right to unite in attacking such a breach of trust as is here alleged and demanding an accounting by the trustee, would be a practical denial of justice.

For these reasons, judgment of the Circuit Court is affirmed.

MESSRS. CHIEF JUSTICE EUGENE B. GARY *and* JUSTICE WATTS *concur.*

MR. JUSTICE FRASER, *dissenting.*    I can not concur in the opinion of the majority. The complaint in this action alleges that the plaintiffs were stockholders in the Farmers Fertilizer Company, a corporation which owned valuable property. That the defendant was the general manager of the corporation, and, as such, had charge, control and direction of its affairs and knew the value of the stock. That the defendant conceived the idea of selling the property and making a large profit for himself. That in pursuance of this plan, he entered into negotiations with others for the sale of the franchises and property, but kept the knowledge to himself. That after ascertaining the true value of the property, and the price for which it could be sold, the defendant did not call the stockholders together, but went from individual to individual, and, concealing the value of the stock and the condition of the corporate affairs, and leading them to believe that the affairs of said corporation were in embarrassing condition, thereby induced the plaintiffs and other stockholders to sell their stock to him for much less than he knew it to be worth. That after purchasing all, or nearly all the stock, the defendant sold the property and franchise for a large sum, and at a much larger than the sum at which it was estimated in the purchase of said stock, and made large gains for himself contrary to the obligation which he owed to the plaintiffs. The gains were the loss of the plaintiffs and not an increase in market value. That the plaintiffs in selling said stock to the defendant,

relied upon his representations and good faith and defendant's knowledge arising from the position which he held as general manager of said corporation.

The plaintiffs brought suit on behalf of themselves and all others who would come in under these proceedings and asked for an accounting and a judgment for the difference between the value at which the stock was sold and the true value.

The defendant made a motion to make the complaint more definite and certain as to (a) unnamed plaintiffs; (b) unnamed purchasers; (c) separation of causes of action.

The defendant also demurred because they claimed (1) that there was no allegation of a joint cause of action; (2) that plaintiff had not rescinded or offered to rescind the contract.

The motion was heard before his Honor, Judge Gage, who overruled both motions, but ordered stricken from the complaint the words, "and those who were acting for or in conjunction with him."

From this order the defendant appealed.

Exception One. "Upon the ground that the same does not state facts sufficient to constitute a cause of action, in that it fails to state facts which, if true, constitute a joint cause of action in behalf of the plaintiffs against the defendant, and if it states any cause of action at all, states a separate and distinct cause of action in favor of each of the plaintiffs against the defendant, it being submitted that such separate and distinct causes of action do not constitute a joint cause of action and cannot be sued upon as a joint cause of action and cannot be joined in one cause of action."

In my opinion this exception ought to be sustained. There must be some joint interest. Here there is none. The sales were made by each individual for himself. Separate contracts of sale, and, so far as the complaint shows, may have been at different prices. They claimed no interest in

320         BLACK *v.* SIMPSON.

the corporate property. This was a suit on twenty-two contracts, made with twenty-two different people, at different times, and each demanding, it may be, and depending on different evidence a different money judgment. The plaintiffs are not associated in any way, and each ought to bring his separate action.

In *Hellams* v. *Switzer*, 24 S. C. 40, there was an injury that arose from one cause, and yet this Court required all the plaintiffs to be withdrawn except one.

Ency. of Pl. & Prac., vol. XV, 541-2: "Where two or more have a separate interest and sustain a separate damage they may and must sue separately, and cannot join even though their several injuries were caused by the same act."

The injury here was to the holding of stock and the holding of stock is several. If two or more owned jointly a certain block of stock, of course, the joint owners must sue together. There is no allegation of joint ownership in the complaint.

It will be observed that the evils that arise from a multiplicity of suits is in noway avoided by the consolidation of suits here. A is not entitled to recover because there was fraud in the purchase from B. A may have been in urgent need of money and willing to take less than the value in order to provide for his immediate necessities and a misstatement was not required. It would be manifestly unfair to allow A to recover because of the fraud in the contract with B. The fraud in each of the twenty-two contracts must be proven or he who fails to prove fraud ought to fail. This is not a case in which there was a fraudulent sale of the property of the corporation where the same act necessarily affected all. The same testimony that proved fraud as to B would prove the fraud as to the others. The small and distant stockholder has the same burden in the consolidated as in the separate suit, in theory. In practice it will be found that proof in one case will inure to the benefit of all and the wholesome protection provided by the exclusion of

*"res inter alios acta"* will be denied the defendant. I do not see a single bond of union. The complaint does not even allege that the defendant now has the proceeds of sale, and the plaintiffs are entitled to share in the fund.

For these reasons I dissent.

I agree with the majority as to the other exceptions.

MR. JUSTICE HYDRICK *concurs.*