## 9381

### McKELLAR v. STANTON *ET AL.*

#### (88 S. E. 527.)

1. CORPORATIONS—FIDUCIARY RELATION—SOLE STOCKHOLDERS AND OFFICERS.—Where defendants were the only stockholders and officers of a corporation, they occupied a fiduciary relation toward such corporation in a suit by the trustee of the corporation in behalf of its creditors.

2. ACTION—LEGAL OR EQUITABLE.—Where defendants, the sole stockholders and officers of a corporation, were charged with having purchased goods on the credit of the corporation and misappropriated corporate assets so as to cheat and defraud creditors, and an accounting was prayed by its trustee, the action is one of equitable jurisdiction.

Before BOWMAN, J., Bennettsville, August, 1915. Affirmed.

Action by P. A. McKellar, as trustee, against J. A. Stanton., Jr., and others, in their own right and as executors. From an order denying jury trial, defendants appeal.

FOOTNOTE.—As to equitable jurisdiction of suits by corporations or receivers against directors or officers for negligence or wrongful acts, see notes in 7 A. & E. Ann. Cas. 1121, and 8 L. R. A. (N. S.) 739.

*Messrs. D. D. McColl, J. K. Owens* and *Stevenson, Stevenson & Prince,* for appellants, cite: 72 S. C. 463; 5 R. C. L., p. 1091, sec. 41; 44 S. C. 63.

*Mr. Geo. E. Dargan,* for respondent, cites: *As to fiduciary relationship:* 94 S. C. 312; 100 S. C. 51; 75 S. C. 112; 46 S. C. 146; 15 S. C. Eq. (Chev.) 189; 1 Corpus Juris. 621, sec. 68; 1 R. C. L. 224, sec. 26; 35 Am. St. Rep. 554; 155 Am. St. Rep. 156.

April 23, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Bowman refusing to declare the action to be one of law and to place it on Calendar 1 for trial by jury. But he retained the cause on Calendar 2, where it had been put by plaintiff's counsel, and referred the cause to a special referee to hear and determine the same and report the same to the Court.

The only question raised by exceptions is whether the cause as raised by the pleadings is an action at law or in equity. It appears from the allegation of the complaint that the defendants were the only stockholders, officers, and directors of the said corporation. This allegation is admitted by the defendants, and this establishes a fiduciary relation between them and the corporation, represented in this case by the trustee, and the pleadings establish this situation.

Under the allegations of the complaint, that the defendants were the whole corporation, officers, directors, and only stockholders, that they obtained credit, bought goods and merchandise, borrowed money, which they fail and refuse to pay, and, as such officers, directors, and only stockholders acting as such, wrongfully conspired together to cheat and defraud the creditors of the corporation, and misappropriated the assets, and converted

them to their own use, and refuse to satisfactorily account for the same or give any information as to the disposal of the same, though requested to do so, states a cause of action in equity which clearly states their duty as fiduciaries to account therefor, under the case of *Black* v. *Simpson,* 94 S. C. 312, 77 S. E. 1023, 46 L. R. A. (N. S.) 137; *Cobb* v. *Garlington,* 100 S. C. 51, 84 S. E. 302.

Under the allegations of the complaint there is ample allegation to require the defendants to account for actings and doings, under the cases of *Kerr* v. *Camden Steamboat Co.,* Cheves' Eq. 189; *Buist* v. *Melchers,* 44 S. C. 63, 21 S. E. 449.

The pleadings show a cause in equity, and not one of law where the defendants were entitled, as a matter of right, to a jury trial, and we see no error on the part of his Honor. Exceptions overruled.

Judgment affirmed.