12714

MOSS *ET AL.* v. BURDETTE *ET AL.*

(149 S. E., 235)

Messrs. M. C. Long, and R. T. Jaynes, for appellants,

*Messrs. Herndon & Thompson,* for respondents,

August 12, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from two orders passed by his Honor, Judge Sease, dated October 19, 1927; the one sustaining a demurrer interposed by the plaintiffs to the counterclaim set up by the defendants, and the other ordering a compulsory reference to the Master to hear and determine all issues of law and fact.

The facts of the case as gathered from the pleadings and the statement of counsel in their briefs appear to be as follows:

W. M. Brown and his son, Arthur Brown, composed a mercantile partnership under the firm name of W. M. Brown & Son, doing business at Walhalla; in the early part of the year 1922, the defendants owed them, as stated in the answer of Arthur Brown (who is erroneously set down in the title as one of the plaintiffs), $688.50 upon account, and gave them a note secured by a chattel mortgage of certain stock, goods, chattels, and crops, payable November 1, 1922.

On October 31, 1922, no part of this note and mortgage having been paid, as security to said note the defendant, Lester Burdette, assigned to W. M. Brown a note given to him by one Curtis Smith, dated February 4, 1922, and due on November 15, 1922, in the sum of $1,000, with interest from date at 8 per cent. and 10 per cent. attorney's fees, secured by a mortgage of certain real estate described in the answer of Arthur Brown.

It is alleged in the complaint that on November 28, 1922, the plaintiff Walter D. Moss was appointed receiver of the partnership assets of W. M. Brown & Son by proper order,

with the usual powers of receivers. In view of the statement of the immediately following facts, it appears that this appointment must have been made in *1923*, and not in *1922*.

On December 4, 1922, no part of the note and mortgage of February, 1922, by the defendants to W. M. Brown & Son having been paid, or of the Curtis note and mortgage, the defendants gave to W. M. Brown, for the firm, a new note for $1,452.46 (which included an additional obligation), due January 1, 1923, with interest and attorney's fees, secured by a chattel mortgage upon certain personal property described in the complaint.

In December, 1923, W. M. Brown, who held an assignment of the Curtis note and mortgage for the firm of W. M. Brown & Son, foreclosed the mortgage, and in April, 1925, procured a judgment of foreclosure and sale. The sale was not made, but by some arrangement between W. M. Brown and the owner of the land, he obtained a deed therefor, marked the mortgage satisfied, and sold the land to a third party, realizing $1,500 in cash for it.

The defendants claim that they were entitled to an application of the funds derived from the Curtis note and mortgage to their note and chattel mortgage of $1,452.46, and that with the payments made by them the note had been overpaid by more than $900, upon the ground that the Curtis note and mortgage constituted an asset of the estate of the receiver, who negligently allowed it to be appropriated by the defendant W. M. Brown.

In January, 1926, the receiver instituted the present action in claim and delivery for the chattels covered by the mortgage of the defendants to W. M. Brown, dated December 4, 1922, admitting that there had been paid thereon $733.71. He gave bond, obtained possession of the chattels, and it is alleged by the defendants has disposed of them and deprived them of the same.

The defendants answered, alleging that, instead of $733.71, they have paid upon the note and mortgage $891.71;

that by the failure of the receiver to realize upon the Curtis note and mortgage, which should have been applied to the note and chattel mortgage of $1,452.46, the same has been overpaid by $939.25, which they set up as a counterclaim. They also allege by way of counterclaim that the seizure of their chattels covered by the mortgage was willful, and has damaged them in the sum of $5,000.

It is not to be understood that any statement in the foregoing is intended to be a finding of fact; all issues of that character remain to be investigated and decided, regardless of what has been hereinbefore said.

The legal issues to be determined are:

(1) Did the Circuit Judge err in compulsorily ordering a reference upon all issues of law and fact?

(2) Did the Circuit Judge err in sustaining the demurrer of the plaintiff to the answer of the defendants, setting up a counterclaim for punitive damages?

I. As to the order of reference: The plaintiffs' cause of action is clearly one at law, claim and delivery of personal property. Section 533 of the Code of Civil Procedure of 1922, provides: "An issue of fact, in an action for the recovery of * * * specific * * * personal property, must be tried by a jury."

The plaintiff alleged that as receiver of the mortgagee he was entitled to immediate possession of the property described. That allegation depended upon proof that the mortgage was duly executed and had not been paid. The defendants admitted the execution and delivery of the note and mortgage, but alleged that they had been paid, raising an issue of fact which could only be tried by a jury, unless waived. In addition the defendants set up two counterclaims, both legal in their natures. We do not see any feature of equitable jurisdiction in either the complaint or the answer. The compulsory order of reference was therefore erroneous.

The case is governed by the Code (Code Civ. Proc. 1922, § 593), as it was prior to the amendment of 1928 (35 St.

at Large, page 1149), and, if it could be considered as equitable in its nature, the cases cited by the appellants are conclusive of the matter. *Newell v. Blankenship,* 130 S. C., 131, 125 S. E., 420; *Jordan v. Jordan,* 130 S. C., 336, 125 S. E., 910; *Keese v. Parnell,* 132 S. C., 360, 128 S. E., 172; *Farmers' & Merchants' Nat. Bank v. Foster,* 132 S. C., 410, 129 S. E., 629; *Sumter Hardware Co. v. Fitchette,* 133 S. C., 149, 130 S. E., 181; *Etheredge v. Porter,* 134 S. C., 71, 131 S. E., 768; *Moody v. Lumber Co.,* 136 S. C., 327, 134 S. E., 369; *People's Bank of Hartsville v. Helms,* 140 S. C., 107, 138 S. E., 622; *Georgian Co. v. Britton,* 141 S. C., 136, 139 S. E., 217.

II. As to the demurrer: The claim of the defendants for punitive damages is based upon the alleged willful act of the receiver in signing an affidavit which he knew was false, when he knew that the appellants had overpaid the note. It was necessary for the affidavit to first be made and signed before the bond and suit in claim and delivery were issued. This being true, Section 600 of the Civil Code of Procedure of 1922, relied upon by respondents, has no application, which reads as follows, the portion applicable: "Provided, that where either party gives bond for said property, as provided by law, no punitive damages shall be allowed for anything occurring after the giving of the bond." The demurrer was therefore improperly sustained.

The judgment of this Court is that the orders appealed from be reversed, and that the case be remanded to the Circuit Court for further proceedings consistent herewith.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.