12773

PEEPLES v. HORNIK

(150 S. E., 802)

See, also, 149 S. C., 40, 146 S. E., 680.

*Messrs. Hyde, Mann & Figg, Thos. P. Stoney,* and *A. R. McGowan,* for appellant,

*Messrs. H. L. Erckmann,* and *E. L. Blank,* for respondent,

December 5, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Grimball, ordering a compulsory reference to the Master to hear and determine all issues of law and fact. The plaintiff entered objection to the motion of the defendant for such reference and now appeals from the order granting the same.

Prior to the passage of Act Feb. 7, 1928, 35 St. at Large, p. 1149, it had been consistently held by this Court that under Section 593 of Code Civ. Proc. 1922: *"A compulsory order of reference to try the issues of both law and fact may be made only in cases within the equitable cognizance of the Court,* and then only under the circumstances detailed in Section 593 of the Code, 'where the trial of an issue of fact shall require the examination of a long account.' "

By that Act the Code Section was amended by providing, in part:

"Where the parties do not consent, the Court may, upon application of either, or its own motion, direct a reference in the following cases:

"1. In all equitable actions and of equitable issues in actions at law. The order may be general of all issues of both law and fact, or may be so limited as the Court may direct: Provided, That this Section shall not be construed so as to deprive any party of a trial by jury of any case or issue upon which he is entitled to a trial by jury as a matter of right under the present practice."

The effect of the amendment is to confer the power of compulsory reference *in all equitable actions,* regardless of whether an issue of fact therein may require the examination of a long account or not, and of equitable issues in actions at law.

In his order, his Honor, Judge Grimball, declares: "There is no doubt in my mind that the trial of this cause involves a very long, tedious and difficult accounting. The plaintiff, however, insists that even if this be so, it gives the Court no right to refer the cause over his objection. This appears to me to be a position sustained by our decisions, and before this Court has the right to refer the cause it must be satisfied that the cause is either equitable or (is an action at law which, I interpolate), involves an equitable issue." Without declaring which situation is presented, he declares, " * * * I am satisfied that the cause is one coming within the provisions of Section 593 of the Code above quoted," after the amendment of 1928, I add.

The action is so plainly an action at law, as will be further on developed, that the order can be sustained only upon the hypothesis that it is such an action, but with an equitable issue involved, and I must think that that is what his Honor intended to hold.

That it is an action at law appears by the most casual inspection of the complaint; it is an action sounding in tort; it charges that the defendant as president and treasurer, assumed the full conduct, handling, and control of the business and affairs of the corporation; that he negligently and willfully mismanaged its affairs, and employed inexperienced, incompetent, negligent, and unfit credit men and

salesmen; that he allowed assets of the corporation to be delivered to another corporation without a record of the same and without payment; that he employed the corporation's credit for the benefit of other companies, damaging and impairing its credit, and causing it to lose its high credit standing and rating, and the confidence of its creditors and of those through whom it financed its affairs; that he fraudulently concealed from the corporation the true state of its affairs, and his acts as president; that he abstracted and converted property and assets of the corporation to his own use, and for his other companies; that he conducted the affairs of the corporation in disregard of its rights and his duties as officer, in using its paid employees for other companies, in allowing other companies access to its property, books, affairs, and stationery, and in permitting them to take its merchandise without payment or record; that he failed to employ competent credit men and salesmen; that he failed to keep full and correct records of the affairs of the company, and made false and inadequate records and reports of the same; and, generally, that he managed and operated the corporation in willful, wanton, negligent, wrongful, and fraudulent violation of his duties to it; and by all of these torts caused damage to the corporation of not less than $800,000, so that it become worthless, or nearly so.

It is inconceivable that these allegations fail to state a cause of action at law against the defendant, and it seems clear that, if they are proved, they warrant the submission of the case to the jury to find and determine the unliquidated damage, shown by the testimony to have been sustained by the corporation in consequence thereof.

It is persuasive, though perhaps not conclusive, that in the demurrer filed by the defendant and disposed of in the former appeal, the defendant so characterized the action: "That it appears on the face of the complaint that *this is an action for damages* due to the corporation known as Hornik-Peeples Company and the suit should have been brought in the name of" that corporation.

It was so treated in the order of his Honor, Judge Grimball, which was made the judgment of this Court.

I think that it is too late now for the defendant to shift his ground, and insist as he does in the first ground of his motion for a reference: "That the nature of the suit is equitable. * * *"

If then it is not an equitable action, the inquiry must be whether in it, as an action at law, there is involved an equitable issue.

I think that the learned Circuit Judge was in error in holding that the trial of this cause involves a very long, tedious, and difficult accounting, because there is no basis in the pleadings for holding that an accounting will enter into the case. *The action is not on an account, nor is it for an accounting.* No account is mentioned or sued on in the complaint, and no accounting is prayed. The action is only for the damage sustained by the corporation as a direct consequence of the willfulness, negligence, wantonness, and fraud of the defendant, in the discharge of his "duty to exercise ordinary care in the management" of the corporation's affairs. It is clear, therefore, that the complaint does not sustain the finding that an accounting of any kind is involved in the cause.

The answer of the defendant says that a full accounting of the books and papers of the corporation is necessary, and that he can take the books of the corporation and by a proper accounting show that he has faithfully handled the affairs of the company in accordance with the instructions of the board of directors, including the plaintiff individually. It seems clear that this is nothing more or less than an allegation that he has not done what is charged against him in the complaint, and can meet the allegations of the complaint by using the books and papers of the corporation and his alleged instructions from the board of directors and show that he is not liable in the particulars alleged in the complaint. This is merely a *denial* of the allegations of the complaint, and an allegation of the kind of *evidence* which he intends

to use to refute them. It is in no sense an equitable plea of an accounting in bar of the plaintiff's suit, and as he does not ask any affirmative relief against the corporation, he would not be entitled to maintain an action for an accounting against it.

The complaint alleges, as an element and evidence of the damage sustained by the mismanagement of the defendant, that in December, 1921, the corporation owned assets in excess of its liabilities of $800,000; that the business was good and its credit the best; that within six years, instead of being worth $800,000, it had lost more than that; and that the stock was worthless. The defendant alleges that this is not true and that the value of the assets can only be ascertained by a proper investigation and accounting of the books of the corporation. How this suggests an accounting between the defendant and the corporation I do not apprehend.

It may as well be said that when the plaintiff brings an action for the recovery of real estate, and upon the trial the defendant puts in a deed to the land and the plaintiff attacks that deed for fraud, because fraud is a branch of equitable jurisdiction the Judge would have the right to stop the case, refer all issues to a Master, and deprive the plaintiff of his constitutional right to have a jury pass upon his claim. If that be the meaning of the amendment of 1928, it cannot stand for a moment.

The plaintiff, as liquidating trustee, is vested with title to the property, and also of the *choses* in action, of the corporation, including the causes of action of the corporation against the defendant for his delicts. Civ. Code 1922, §§ 4282, 4283; *Wilson v. Shuler*, 146 S. C., 309, 144 S. E., 57; *Browne v. Hammett*, 133 S. C., 446, 131 S. E., 612.

And the plaintiff, as liquidating trustee, may maintain this action on the cause of action of the corporation in his own name, and "represents the corporation," and "sues on its cause of action." *Peeples v. Hornick*, 149 S. C., 40, 146 S. E., 680.

The cause of action upon which the suit is brought is the cause of action of the corporation, and plaintiff, as its liquidating trustee and "representing the corporation, sues on its cause of action," as was held in the previous appeal in this case. As was said in *Kelly v. Dolan* (C C. A.), 233 F., 635, 637: "it is clear that the gravemen of the plaintiff's complaint is the negligence of the three defendant directors. That the negligence of a director is an injury to his corporation, and that *the right to recover for such negligence is a legal as contrasted with an equitable right,* and that the corporation is vested with the right to recover for such injury, *is established by authority."*

In *Daniels v. Berry,* 148 S. C., 446, 146 S. E., 420, 421, this Court said: "Unquestionably *directors, as the agents of the bank, owe to the bank itself the duty to exercise ordinary care in the management of its affairs. A violation of that duty would constitute negligence, and the* bank, or its receiver when one has been appointed   *   *   * may bring an action for the benefit of the bank against the directors for such negligence."

See, also, the quotations from *Browne v. Hammett,* and other cases, in *Gary v. Matthews,* 148 S. C., 125, 145 S. E., 702.

At this point we wish to point out, as we shall show below, that it is a mistake to suppose that a suit against an officer and agent for tort is necessarily and only in equity, *McCabe v. Colleton Mercantile & Manufacturing Company,* 106 S. C., 25, 90 S. E., 161, or that a suit by a trustee or fiduciary on a legal claim or cause of action lies only in equity. *Moss v. Burdette,* 151 S. C., 532, 149 S. E., 235. The corporation may elect to sue at law, or in equity.

In 4 Fletcher's Cyclopedia of the Law of Private Corporations, § 2671, the common-law liability of officers for mismanagement, where the action is brought by the corporation or, if insolvent, its representative, is set forth as follows: "When the directors, trustees, or other officers of a

corporation are guilty of mismanagement or negligence in conducting its affairs under such circumstances as to become liable for the loss or injury to the corporation, the corporation may maintain an action at law against them—at common law, an action on the case—to recover damages. However, this right to sue at law does not ordinarily preclude the right to sue in equity, since the general rule is that for willful breach of trust, or for actionable negligence, corporate officers may be sued by the corporation either at law or in equity."

It will be seen, therefore, that while a corporation, or its representative, if insolvent, may sue its officers in equity, for negligence or other mismanagement, on the theory that there is such fiduciary relation between the officers and the corporation as to allow the corporation to invoke the jurisdiction of equity, or upon the theory that the misconduct of the officer is a constructive fraud, which gives Courts of law and equity concurrent jurisdiction, it by no means follows that the corporation, or its representative, if insolvent, has only an action in equity against its officers for negligence or other mismanagement. On the contrary, the law is well-settled that the *primary action of the corporation or its representative is at law,* and the equity jurisdiction which the Courts have permitted to be invoked in such actions by corporations has been a remedy *added* to the legal remedy already existing.

In 7 R. C. L., 487, the rule is stated as follows: "The remedy of the corporation for the misconduct of an officer is either at law or in equity according to the nature of the case. While Courts of law generally treat the directors as agents, Courts of equity treat them as trustees, and hold them to a strict accounting of any breach of the trust relation."

It will be seen from these authorities that while the corporation may elect to treat its officers as trustees, and may require them in equity to account for their official misconduct, the corporation may also elect to treat the officers as agents, as in this case, and may bring an action at law against

the officers for the damage or loss to the corporation caused by their negligent or willful misconduct.

*The election is that of the corporation and not that of the offending officer;* for where a wrong has been done to the corporation by the misconduct of its officer, it is the right and privilege of the corporation to choose the remedy which is best calculated under the circumstances of the particular case to result in recovery by the corporation of the damage and loss sustained by it through the torts of its officer.

In *McKellar v. Stanton,* 104 S. C., 248, 88 S. E., 527, relied on by the defendant and cited by the circuit Judge in support of his conclusion that the cause should be referred, the defendant sought to convert an action for an accounting brought by the trustee of a corporation against the defendants as its officers and directors, from an equitable action into a legal action, so as to secure for themselves a trial by jury. The Court held that *the complaint stated a cause of action in equity* which clearly stated the duty of the defendants as fiduciaries to account for assets misappropriated by the defendants, and the Court further said: "The pleadings show a cause in equity, and not one of law where the defendants were entitled as a matter of right to a jury trial, and we see no error on the part of his Honor."

This decision was correct, and in accord with the authorities and principles above set out. The decision held that *where the corporation had elected* to invoke the equity jurisdiction of the Court, and to treat the officers as trustees and fiduciaries, the defendant could not change the form of action brought by the trustee of the corporation to suit their preference or convenience; and the case conversely shows that had the complaint of the trustee of the corporation elected to state a cause of action at law, the defendants would have been equally unable to change the action into one in equity to suit their convenience and preference.

Among the charges made against the defendant, on which the cause of action stated against him is based, the allegations are that he seized, abstracted, and converted to his own

use property of the corporation, both for himself and for his companies. It is, of course, true that the corporation had the right to demand in equity an accounting for the property or value, and any profit which he realized therefrom, as was done by certain stockholders in the case of *Black v. Simpson,* 94 S. C., 312, 77 S. E., 1023, 46 L. R. A. (N. S.), 137, relied on by the defendant, and cited by the circuit Judge. But it is equally true that the corporation had the right and privilege, in common with every man or corporation whose property is converted by another, to bring an action of trover and conversion against the wrongdoer, and recover damages. And it is well settled that the action of trover is an action at law only. *Reynolds v. Philips,* 72 S. C., 34, 51 S. E., 523; *Moss, Receiver v. Burdette, supra.*

"In an action of *trover* at the common law, the plaintiff seeks solely the recovery of damages for the conversion of his property, while in an action of *replevin,* the primary relief sought by him is the recovery of the specific property in question, though by statute he is now allowed to recover damages based on the value of the property if its return cannot be obtained. 26 R. C. L., 1099."

In *Kid v. Mitchell,* 1 Nott and McC., 334, 9 Am. Dec., 702, the Court said: *"Trover* is an action sounding in damages; and the plaintiff is entitled to a full indemnity for the injury sustained by reason of the wrongful conversion of his property by the defendant. A person ought not to derive any benefit from his own wrongful act; and where either party is to be injured by the casual rise or fall of property, it ought to be he who is in the wrong. The Jury had a right therefore to give the highest value up to the time of the verdict."

In the case of *McCabe v. Colleton Company,* 106 S. C., 25, 90 S. E., 161, 162, a suit brought for an accounting, the Court affirmed the circuit Judge in denying a reference. The Court, on the point under discussion, said: "Nor does the mere fact, if it be a fact, that plaintiffs were agents of defendant impart to the transactions such equitable features

as to deprive the Court of law of jurisdiction, because *a principal may sue his agent or an agent his principal at law,* when the remedy at law is complete and adequate."

And in *Smith v. Bryce,* 17 S. C., 538, the Court said: "While it is true that a principal might have gone into the Court of Equity for the purpose of demanding an account from his agent or factor, yet it does not follow that this would have excluded a Court of law from taking jurisdiction of the question, whether all proper credits had been allowed by the agent or factor on an account upon which he had brought an action in a Court of law against his principal. And this is really what the defense set up in this case amounted to."

Nor does the fact that the plaintiff is suing as trustee of the corporation render the suit equitable in its nature, for it is elementary that a trustee or fiduciary may maintain actions at law on the legal claims and *choses* in action which he holds as trustee. In the recent case of *Moss v. Burdette, supra,* the action by the receiver of a chattel mortgagee in claim and delivery was held to be an action at law, and the Court reversed a compulsory order referring the case.

Both counsel for the defendant and the circuit Judge have confused the issues here with the issues presented in the case of action between partners as to the property and affairs of partnership. Such actions invariably involve an accounting between the parties, and equity has from time immemorial entertained bills for an accounting between partners, as a well-defined branch of its jurisdiction. In an action brought by one partner against another for an accounting, neither the plaintiff nor the defendant may demand a jury trial, because the jurisdiction of the Court of Equity over the controversy is *exclusive* in such cases, except where there has been an account stated. For this reason the cases of *Price v. Middleton,* 75 S. C., 105, 55 S. E., 156, and *Construction Company v. Manufacturing Company,* 78 S. C., 169, 58 S. E., 765, cited by the defendant's counsel and also by the circuit Judge, are inapplicable to the present case,

and have confused the circuit Judge as to the character of the action stated here by the plaintiff and as to his power to order a compulsory reference.

"It is a principle so well established, that co-partners cannot sue each other at law for anything relating to the co-partnership concern, that it would be a waste of time to cite authorities to that effect." *Course v. Prince*, 1 Mill, Const., 413. See, also, *Course v. Prince*, 1 Mill, Const., 416, 12 Am. Dec., 649, which is cited in *Price v. Middleton, supra*.

"It is a general rule that so long as a partnership continues one partner cannot maintain an action at law against the firm, or against his co-partner on account of a matter connected with the partnership. This disability continues until there is a settlement of the accounts, and a balance struck, and persists till these events transpire, although there has been a dissolution of the partnership." 20 R. C. L., 924.

In *Construction Company v. Manufacturing Company*, 78 S. C., 169, 58 S. E., 765, cited by the Circuit Judge, the causes of actions stated in the complaint involved "a partnership relation and a complication of parties," "the necessity of examining a long account of the cost of certain work and for estimating a certain percentage thereon, as well as the examining of long complicated accounts in reference to payments," and "the relationship between the parties of agency, trust, and accounting." The counterclaim "involved the partnership relation and the equitable issues of the foreclosure of a chattel mortgage," and the necessity of examining "long and complicated accounts on both sides."

In *Price v. Middleton*, 75 S. C., 105, 55 S. E., 156, 158, cited by the Circuit Judge, the Court held that "having in view the general principles to which we have adverted, the conclusion cannot be avoided that the plaintiff and defendants were partners." The Court stated the contention of the defendants-appellants as follows: "The defendants' view is that under the contract set out in the complaint plaintiff

was a co-partner with them, and though there are in form several causes of action for separate and specific sums of money as the plaintiff's share of profits, yet having regard to the substance the suit contemplates, and for its just determination, requires the taking of the accounts of a partnership running over a number of years to ascertain the share of one of the partners, and therefore the Court of Equity *has exclusive jurisdiction."*

The Court sustained this contention, held that the action was in equity, and reversed the order of the Circuit Judge directing a trial by jury.

In *Black v. Simpson,* 94 S. C., 312, 77 S. E., 1023, 46 L. R. A. (N. S.), 137, cited by the Circuit Judge, the suit was one in equity. The plaintiffs' complaint showed that "the action is one to require the defendant, as their trustee, to account to them for the profit obtained by the acquisition and resale of property through a breach of his trust." A number of stockholders joined in suing the defendant, the manager, and a director of the corporation in which they were interested, for an accounting for the profits made by the defendant from fraudulently obtaining their stock at an inadequate price and then selling the corporation's property at much more than he had paid the shareholders, and pocketing the profit. They were not suing on the corporation's cause of action, for it had none, as the individual stockholders were the victims. *The action was not there, as in the present case, by the corporation against its officer, but was by the stockholders who were deceived. Their remedy was equitable, and in equity only,* for the Court shows in its opinion that their remedies were (1) to render back the price received and sue for rescission, or (2) to require defendant, as their trustee, to account for the profit made by him. The plaintiffs elected to pursue the latter remedy, and clearly the action was in equity.

From a consideration of these authorities cited and relied on by the Circuit Judge in holding that the present case is one within his power to grant a compulsory order of ref-

erence, it will readily be seen that the learned Circuit Judge has relied upon cases which were solely and exclusively within the equity jurisdiction of the Court, two involving the partnership relation, and one an action by *cestuis que trustent* against a trustee, *so brought and stated.* The case of *McKellar v. Stanton,* 104 S. C., 248, 88 S. E., 527, cited by the Circuit Judge, does not sustain his holding, for that case was brought in equity, under the right of election which a corporation, or its representative, has to sue either in law or in equity; and that decision actually supports the conten-- tion of the plaintiff in this case that the election to sue in law or in equity is that of the corporation, or its representative, and that the defendant officer cannot change the action elected to be brought by the corporation into an action in the other form to suit his preference.

In this case, we have a legal right in the corporation, on which an action at law can be and here has been brought, and it is a mistake to suppose that the action at law by a corporation for the breaches of his legal duty by an officer is governed by the principles governing actions between partners to strike a balance of their affairs and activities and divide between them the assets of the partnership according to that balance.

The Circuit Judge has inadvertently thought of and dealt with Peeples and Hornik as partners, between whom an accounting is due as a matter of course, and has disposed of the action as he would have if they were partners. The fact is, of course, that, as stockholders and directors in the same corporation they are in no wise partners, nor have they any of the reciprocal rights and liabilities of partners. As a matter of law, Peeples, had he wished, could not himself have maintained an action against Hornik, for *the torts of Hornik were the breaches of duties he owed to. the corporation, and not to Peeples. Gary v. Matthews,* 148 S. C., 125, 145 S. E., 702; *Daniels v. Berry,* 148 S. C., 446, 146 S. E., 420. The action is between the corporation, represented by its liquidating trustee, and Hornik. And it cannot be for a

moment supposed that the corporation and Hornik, its president and treasurer, were partners. Hence the principles applied in *Price v. Middleton,* and *Construction Company v. Manufacturing Company, supra,* are utterly inapplicable to the controversy between the corporation, represented by its liquidating trustee, and Hornik, its officer.

From a consideration of the foregoing authorities and principles, we do not think that it can be denied that the plaintiff in this cause, representing the corporation, and relying on its cause of action, has elected to bring suit on the legal cause of action of the corporation against the defendant as its officer and agent, and has framed his complaint to state a legal cause of action in tort against the defendant.

However, even assuming that the allegations referred to constitute an allegation that an accounting is proper, it would not avail the defendant by changing the law action in tort elected by the plaintiff to be brought against him into an equitable action for an accounting. As I have endeavored to show, the election is not that of the defendant, but is that of the corporation, or its representative. And the defendant has no more right to convert the plaintiff's legal action in tort into an equitable action for an accounting than he would have had, if the plaintiff had elected to sue him in equity for an accounting to change the plaintiff's action to one at law.

It is also well settled that the pleading of an equitable defense to an action at law does not change the character of the action at law, nor require a reference, as is shown by the cases of *Fludd v. Equitable Life Assurance Society,* 75 S. C., 315, 55 S. E., 762, 763; *Price v. Railroad Co.,* 38 S. C., 201, 17 S. E., 732; *Griffin v. Railroad Co.,* 66 S. C., 77, 44 S. E., 562. On the contrary, as the Court said in *Fludd v. Equitable Life Assurance Society,* where the defendant, an insurance company, had filed an equitable plea to cancel the policy sued upon on the ground of falsity of certain representations contained in the application for the policy, on the basis of which plea the company asked a reference

upon that issue: "The action being for the recovery of money only, it is a strictly legal action, and plaintiff is entitled to a trial by jury unless waived in the manner provided by law, or a reference by consent, or by compulsion in the discretion of the Court upon grounds stated in Section 393 [now 593] of the Code of Civil Procedure. The fact that fraud is alleged in procuring the instrument sued on does not make an issue cognizable only in equity, as such issue may be tried in the legal action [citing *Price v. R. R. Co.,* and *Griffin v. R. R. Co., supra*]. All the rights which the insurance company could maintain in an action for cancellation on the ground of false representation are available as a defense alleging forfeiture in a suit on the instrument. It was, therefore, perfectly proper to deny the equitable relief sought, inasmuch as defendant had a complete and adequate remedy at law."

All of the decisions in this state show beyond doubt that the present action, being in tort, at law, seeking the recovery of money only, could not be referred to a Master by the Circuit Judge. In fact, the constitutionality of Section 593, even prior to its amendment, depended upon such a construction, as was shown in *Smith v. Bryce,* 17 S. C., 538, where the Court reversed an order of reference, despite the fact that the answer contained an alleged equitable defense, and the case involved the examination of an account, and agency between the parties. There the Court said: "Indeed, the plaintiffs do not ask for an accounting, and, on the contrary, the whole frame of their complaint shows that no accounting is necessary or desirable. They simply present a plain legal demand, and demand a judgment which a Court of law is quite as competent to render as a Court of Equity would be."

The Court further said: "It is true that the language used in Section 295 of the Code seems to be broad enough to authorize a reference without the consent of the parties, in any case where the examination of a long account is necessary, but this language must be construed as applying only

to those cases in which a trial by jury is not secured to the parties, in order to avoid a conflict with that provision of the constitution guaranteeing that right. We think, therefore, that the defendant was entitled to have his case tried by a jury, and that the Circuit Court erred in denying him that right."

In *Newell v. Blankenship*, 130 S. C., 131, 125 S. E., 420, 423, an action by a road contractor against a subcontractor for. the recovery of an overpayment pursuant to resurvey of work done, the Court held that the action was one at law, in which the plaintiff was not entitled to a reference, regardless of whether overpayments were due to mistake, and although a long accounting was involved, and despite the fact that the defendant's answer set up fraud, collusion, and estoppel.

The Court held: "The complaint is one for the recovery of money only. It asks for no other relief; it is based upon the contract which provides for a final adjustment of the estimates, upon which final settlement all earned and unpaid compensation should. be paid, and all overpayment should be refunded."

And further:

*"The first cause of action then being at law, the defendants had the constitutional right of having all issues of fact therein submitted to a jury, regardless of the fact that any one of them may 'require the examination of a long account on either side.' It is a mistake to suppose that, because an action at law involves the examination of a long account, the case presents the occasion for the interposition of the Court of equity.*

"As far back as 1881, the Court, in the case of *Smith v. Bryce,* 17 S. C., 538, decided that, in all cases where the right of trial by jury existed at the time of the adoption of the Constitution, such right is retained and must 'remain inviolate'; that in an ordinary action at law, presenting no features of equitable cognizance, the parties are entitled to a trial by jury, even though the examination of a long ac-

count may be involved; that Section 293 of the Code (now 593), in order to sustain its constitutionality, must be construed to apply to such cases only as were not triable by jury prior to the Constitution."

In support of this proposition is cited, among others, the cases of *Price v. Middleton* and *Greenwood Company v. Ware Shoals Company,* 78 S. C., 169, 58 S. E., 765, relied on by the Circuit Judge in this case.

In the case of *Georgian Company v. Britton,* 141 S. .C., 136, 139 S. E., 217, 218, the complaint alleged a breach of contract, in that the defendants failed to pay for certain papers delivered to them, the lower Court granted an order of reference, and this Court in reversing the same, and in holding that the case should be remanded for a new trial before a jury, said: "Exceptions 2 and 3 of the defendants question the correctness of Judge McIver's order granting a reference in the cause, over their objection. We are of the opinion that the Judge was in error, and that the defendants were entitled to a jury trial, this being strictly a law case, in that it was only a money demand. *We purposely refrain from a lengthy discussion of this question, lest we confuse that which is now clear.* The latest utterance of this Court on the subject is found in the case of *People's Bank v. Helms,* 140 S. C., 103, 138 S. E., 622."

In the case of *Wilson v. York,* 43 S. C., 299, 21 S. E., 82, 83, the question was whether the Circuit Court had the power to refer an action by the plaintiffs for the recovery of attorneys' fees alleged to be due, and to subject certain assets in the hands of one of the defendants to the payment of plaintiffs' claim. The Court said: "To determine this question, it is necessary to ascertain what was the nature of the case—was it an action at law, or in equity? We think that Judge Gary was right in holding that it was *an action to recover an unliquidated money demand,* and, if so, then, clearly, *the parties were entitled to a trial by jury,* unless that mode of trial had been waived, of which there is no pretense."

I have endeavored to show by the foregoing authorities that this cause, and the issues involved herein, is one which the plaintiff, representing the corporation, and suing on its cause of action, had the right to have tried by jury, both at the time of the adoption of the Constitutions of 1868 and 1895, and under the practice at the time of the passage of the 1928 amendment of Section 593.

For these reasons I think that the order should be reversed and the case remanded for trial by a jury.

MESSRS. JUSTICES BLEASE, STABLER and CARTER concur in result.

MR. CHIEF JUSTICE WATTS (dissenting) : For the reasons assigned by his Honor, Judge Grimball, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.