16726

DILLON COUNTY v. MARYLAND CAS CO. *ET AL.*

(75 S. E. (2d) 254)

234

*Messrs. Royal* and *Wright,* of Florence, *for Appellant, Maryland Casualty Company,* and *Willcox, Hardee, Houck & Palmer,* of Florence, and *Samuel Want,* of Darlington, *for Appellant, W. E. Allen,*

*Messrs. W. B. Hawkins* and *Herbert Britt,* of Dillon, and *McDonald & McGowan,* of Florence, *for Respondent,*

March 17, 1953.

OXNER, Justice.

The issues presented on this appeal are (1) whether this is a case in which a compulsory order of reference may be granted, and (2) whether certain marriage license fees which the Treasurer of Dillon County was required to segregate and hold subject to the further order of the court, should now be placed in the general funds of Dillon County. A statement of the background of this litigation will be helpful in understanding the foregoing questions.

In January, 1949, this action was brought by the County of Dillon against W. E. Allen, then Probate Judge, and the Maryland Casualty Company, surety on his official bond, for an accounting with respect to fees on all marriage licenses issued, or which should have been issued, by Allen as Probate Judge, between February 5, 1948, and the date of the commencement of the action. It was also sought to restrain Allen from thereafter using marriage licenses obtained from other counties when application was made to him as Probate Judge of Dillon County. An accounting was asked on the basis of $4.00 for each marriage license as provided in Act No. 603 of the 1948 Acts of the General Assembly, 45 St. at L. 1612, which fixed the marriage license fee in Dillon County at $4.00 and required the Probate Judge of that county, when requested to do so, to perform marriage ceremonies during office hours without charge. Following the institution of this action, the defendant Allen procured a temporary restraining order requiring the Treasurer of Dillon County from each marriage license

fee of $4.00 paid over to him by Allen, "to segregate and hold separate and apart from general county funds Three Dollars ($3.00) thereof, subject to the further order of this Court."

The defendants demurred to the complaint upon the ground that the 1948 Act upon which the accounting was sought, was unconstitutional. The lower court sustained the demurrer but on appeal, in an opinion filed on April 20, 1950, this order was reversed and the case remanded, with leave to the defendants to answer. *Dillon County v. Maryland Casualty Co.*, 217 S. C. 66, 59 S. E. (2d) 640, 644. It was there held "that in this action for an accounting based on an alleged breach of duty by the Probate Judge in failing to collect licenses claimed to be due to Dillon County, neither the Probate Judge nor his surety may attack the validity of the Act fixing the fee to be charged for marriage licenses."

In August, 1950, or approximately four months after the foregoing decision, one David H. Baker brought an action seeking to recover from Dillon County the sum of $3.00, representing the difference between $4.00, which he claimed he was unlawfully required to pay in order to obtain a marriage license, and the sum of $1.00, which he alleged was the proper license fee under the general law. He contended that the 1948 Act fixing the marriage license fee in Dillon County at $4.00 was unconstitutional. The Circuit Court held the Act unconstitutional and granted judgment on the pleadings in favor of Baker for the sum of $3.00. In an opinion filed on August 28, 1951, the order of the Circuit Court was reversed and the case remanded for trial under the pleadings. We found it unnecessary to pass on the constitutionality of the foregoing Act. *Baker v. Allen,* 220 S. C. 141, 66 S. E. (2d) 618.

In December, 1950, the defendants in the instant action applied to and obtained from the Circiut Court an order staying the proceedings in this case pending the final determination of the *Baker* case. In an opinion filed on Seutember 13, 1951, the stay order was vacated by a majority of

this Court and the case remanded for trial. *Dillon County v. Maryland Casualty Co.,* 220 S. C. 204, 67 S. E. (2d) 306. We there held for a second time that Allen and his surety could not attack the constitutionality of the Act fixing the marriage license fee in Dillon County, and that the outcome of the *Baker case* could not affect the issues to be determined in the instant action.

To complete the history of the litigation relating to the Act of 1948 fixing the marriage license fee in Dillon County, it should be stated that one Leslie Whittington brought an action against Dillon County similar to the one instituted by Baker. In an opinion filed on February 12, 1953, we sustained an order of the Circuit Court overruling a demurrer to the complaint interposed by certain of the defendants. *Whittington v. Allen,* S. C., 74 S. E. (2d) 579.

The present appeal is from an order of the Circuit Court issued on July 31, 1952, granting motions by Dillon County (1) for a general order of reference, and (2) directing the Treasurer to place in the general funds of Dillon County all license fees segregated and held by him under the temporary restraining order issued shortly after the commencement of this action.

We shall first determine whether the Court erred in granting, over the objection of appellants, a general order of reference. Respondent contends that this action is one in equity for an accounting, while appellants claim that it is an action strictly at law for the recovery of damages on account of alleged malfeasance in office.

A rather complete analysis of the complaint will be found in our opinion on the first appeal. 217 S. C. 66, 59 S. E. (2d) 640, 641. Briefly stated, it is alleged that Allen, pursuant to a fraudulent scheme and design " 'to collect for his own personal use the marriage license fees' to which" Dillon County was entitled, obtained from other counties in South Carolina numerous marriage licenses in blank and when persons applied to him as Probate Judge for a license, instead

of issuing to them a marriage license from Dillon County and collecting therefor the sum of $4.00, as required by statute, he delivered to a large number of such applicants licenses or purported licenses previously obtained by him from other counties, and failed to collect the fees required by law. It is further stated "that plaintiff is entitled to an accounting from the defendant W. E. Allen in the amount of Four Dollars ($4.00) for each and every marriage license issued by him or under his direction or authority, regardless of the county from which the licenses purported to be issued, during the period beginning February 5, 1948, and continuing to the present time." Attached to the complaint is a schedule tending to show that Allen and his wife during 1948 married approximately 2,700 couples on licenses obtained from Darlington County, which should have been issued in Dillon County. It is further alleged on information and belief that there were a number of other persons, unknown to plaintiff, who were married under licenses obtained in blank from other counties. On the first appeal, 217 S. C. 66, 59 S. E. (2d) 640, 641, after summarizing the complaint, we stated: "Apparently the theory of the complaint is that in an effort to circumvent the requirements of Act No. 603, Allen delivered to a large number of persons licenses which he had obtained in blank from other counties, although the applications for same were made to him as Probate Judge of Dillon County. The ceremonies were then performed by him or some one else acting under his direction."

The prayer of the complaint is for an accounting on the basis of $4.00 for each marriage license which should have been issued by Allen, and that he be restrained from further using licenses obtained from other counties.

It was stated in oral argument that an answer had been filed by appellants but for some unexplained reason it is not incorporated in the record. We are, therefore, not aware of the issues raised by the answer.

We think the Court below properly granted an order of reference. It is sought to require a fiduciary to account for his alleged fraudulent misconduct. A fiduciary relationship existed between Allen and Dillon County and the duty rests upon Allen to render an account for all marriage license fees which should have been collected by him. Equity jurisdiction may be invoked for this purpose. The following cases fully sustain a compulsory order of reference: *McKellar v. Stanton,* 104 S. C. 248, 88 S. E. 527; *Anderson County v. Griffin,* 164 S. C. 75, 161 S. E. 875; *Farley, Receiver, v. Matthews,* 168 S. C. 294, 167 S. E. 502; *Witherspoon v. Stogner,* 182 S. C. 413, 189 S. E. 758. Equity is a much more suitable forum than a law court to determine the issues in this case. An accounting is sought with reference to several thousand marriage transactions, of which there is no record in Dillon County. The facts must be proved from various records in other counties and it may be necessary to examine witnesses scattered over wide areas in other states.

Counsel for appellants say that respondent's remedy is an action at law for malfeasance in office. Assuming that an action could have been brought on the law side of the court for damages, respondent was not required to do so. *Peeples v. Hornik,* 153 S. C. 321, 150 S. E. 802. It was for respondent, and not appellants, to make the election.

The only remaining question is whether the Court below erred in vacating the segregation order issued shortly after the commencement of this action, and in directing that the funds held by the Treasurer under said order be placed in the general account of Dillon County. Since the segregation order was issued, this Court has held that neither of the appellants has the capacity to attack the constitutionality of the Act fixing the fee to be charged for a marriage license in Dillon County. It follows that if this legislation is hereafter declared unconstitutional, such adjudication would not inure to the benefit of appellants.

It is apparent that there is no longer any basis for keeping these funds segregated. The disposition of them is of no concern to appellants.

Affirmed.

FISHBURNE, STUKES and TAYLOR, JJ., concur.

BAKER, C. J., concurs in result.